Bíttls, J.
 

 The defendant, in his bill of exceptions, presents two objections to the proceedings on his trial, either or both of which, he contends, entitle him to have the verdict set aside and a
 
 venire de novo
 
 awarded. The first is, that the presiding Judge submitted to the jury the question of his guilt on the count for petit larceny, without any testimony to sustain it; and secondly, that the Judge expressed his opinion upon a fact in the cause, contrary to the inhibition of the statute upon that subject.
 

 We
 
 are clearly of opinion that , neither objection is- sustainable.
 

 It is very certain that, if
 
 Gol. Wait,
 
 the principal witness for the State, is to be believed, the tobacco was stolen on Sunday night, and, on the following Tuesday morning, was found in a barn of the defendant, of which he had the key. This was'of itself, as has been often decided, some evidence that the defendant was the thief, and required explanations from him to afford a satisfactory account how he became possessed of the stolen article-. Unfortunately for him, his account, while it tends to remove the- supposition that he took the tobacco with his own hands, makes it almost certain that he did if through the agency of Mr. Neal’s two slaves, Iverson and Henry. Among other circumstances of suspicion in his account, was that which is mentioned as having been particularly brought to the- attention of the jury by the Solicitor for the State-.
 

 The remaining objection is, that the Judge violated the statute by the manner in which he noticed that circumstance.
 
 *198
 
 Now, with regard to that, the Judge could have erred in either, or both of two ways:
 
 Fvrst,
 
 by expressing his opinion that the fact was proved; but as to that there seemed to be no dispute, for there is not the slightest intimation in the case, that the veracity of Col. Watt was called in question, or that his testimony was, in any respect, incorrect. The Judge committed no error, then, in assuming to be true what the defendant himself did not question.
 
 Secondly,
 
 by calling to the attention of the jury, as material, a circumstance neither proving, nor tending to prove, the defendant’s guilt. We think the circumstance was material, and very material, to show that the tobacco was stolen by Neal’s slaves at the instigation of the defendant. He had said that he could prove he was not out of his house during the night in which the theft was committed, and that he had not seen the slaves that night; and yet, in another part of the conversation, between him and the witness, he stated that the slaves had brought the tobacco to his barn thatmight, and he had put it into it the next morning, he having acknowledged, as soon as he had opened the door of the barn, that the tobacco belonged to the witness: It was certainly a very pertinent question how he could have known all this, unless he had had a previous concert with one, or both of the slaves. In alluding to this, in his summing up to the jury, the Judge cannot, upon any fair construction of his charge, be understood as having done anything more than to call their attention to the circumstance, as one material and fit to be considered by them, in making up their verdict as to the guilt or innocence of the defendant. Indeed there was not only no impropriety in the allusion made by the Judge to the circumstance in question, but it was made his positive duty to do so, by the position taken by the defendant’s counsel — that there was no testimony to be submitted to the jury upon the count for larceny, and by his asking his Honor so to instruct them. In response to that prayer, he was bound, if there were such testimony, to state what it was; and he did so, remarking that it was for them alone to determine the force and effect of it. See
 
 McRae
 
 v. Lilly, 1 Ire. 118.
 

 
 *199
 
 Upon a full consideration of his case, we cannot find anything to show that the defendant was not fairly tried and fairly convicted, and he must abide the consequences.
 

 Per CueiaM. . Judgment affirmed.