[No. 20203. In Bank. — December 2, 1886.]

## THE PEOPLE, RESPONDENT, *v.* MARK LAVELLE, APPELLANT.

CRIMINAL LAW — APPEARANCE OF DEFENDANT AS RATIONAL OR IRRATIONAL — EVIDENCE OF WITNESS NOT AN INTIMATE. — In a prosecution for an assault with intent to murder, a witness who was present at the time of the alleged assault may testify as to whether the defendant appeared rational or irrational at that time, notwithstanding he has not first shown himself to be an intimate acquaintance of the defendant.

APPEAL from a judgment of the Superior Court of Tulare County.

The facts are stated in the opinion of the court.

*Oregon Sanders,* for Appellant.

The witness, not appearing to have been an intimate acquaintance of the defendant, could not testify as to his mental condition. (Code Civ. Proc., sec. 1870; *People* v. *Hamilton,* 62 Cal. 377; *State* v. *Murray,* 12 Or. 413.)

*Attorney-General Marshall.* and *W. B. Wallace,* for Respondent.

The question asked the witness did not call for his opinion as to the defendant's sanity at the time of the

assault. (*O'Brien* v. *People*, 36 N. Y. 276; *Nash* v. *Hunt*, 116 Mass. 237; *Barker* v. *Comins*, 110 Mass. 477.)

MYRICK, J. — The defendant was accused, by information, of the crime of an assault with an intent to commit murder. Testimony had been given concerning the circumstances of the alleged assault. One Keeney, a deputy sheriff, who was present at the time of the arrest, which immediately followed the alleged assault, was asked the question: —

" What was the appearance of this man (the defendant) at that time with reference to his being rational or irrational ? "

This was objected to on the ground that it did not appear that the witness was competent to testify from appearances as to whether the man was rational or irrational.

. It is urged on this appeal that the court erred in overruling the objection, because the witness had not shown himself to be competent within subdivision 10, section 1870, Code of Civil Procedure.

The evidence sought to be elicited was not the opinion of the witness as to the mental sanity of the defendant, based on an acquaintance with him, but was rather as to a fact, namely, his appearance at the time. The appearance of a person at a given time is one thing; the opinion of a witness as to the mental condition of that person, based on an acquaintance with him, is quite another.

No error appearing, the judgment is affirmed.

SHARPSTEIN, J., McKEE, J., MORRISON, C. J., and THORNTON, J., concurred.