[No. 20271.  Department One. — June 29, 1887.]

# THE PEOPLE, RESPONDENT, v. ALBERT MONTEITH, APPELLANT.

CRIMINAL LAW — GRAND LARCENY — INFORMATION — ALLEGATION OF OWN-ERSHIP — CLERICAL ERROR. — An information for grand larceny, after specifically alleging that the defendant, Monteith, committed the offense in stealing a horse of the value of two hundred dollars, together with a saddle, bridle, and blanket of the value of twenty-five dollars, proceeded as follows: "All of said personal property was then and there the personal property of Gardner F. Williams, and was of the aggregate value of $225, and was stolen, taken, and carried away as aforesaid *by the said Gardner F. Williams,* contrary to the form, force, and effect of the statute." *Held,* that the information was sufficient after verdict to sustain a conviction, and that the insertion of the name of Williams in the latter portion of the information was a mere clerical error, and should be disregarded.

ID. — VARIANCE. — In such a case, the fact that the information charged the stealing of a horse, whereas the evidence showed the stealing of a gelding, does not constitute a variance.

ID. — EVIDENCE AS TO SOBRIETY — EXPERT TESTIMONY. — A witness who is not an expert may testify as to the apparent condition of the defendant as to sobriety at the time of the offense.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Willis Whitmore,* and *H. R. Havens,* for Appellant.

*Attorney-General Johnson,* for Respondent.

HAYNE, C. — The appellant, Albert Monteith, was convicted of the crime of grand larceny, and sentenced to four years in the state prison. Several points are made on the appeal.

1. It is contended that the information is not sufficient to support the judgment. The information first charges, clearly, specifically, and in formal phrase, that Albert Monteith committed the crime of grand larceny in stealing a horse of the value of two hundred dollars,

together with a saddle, bridle, and blanket of the value of twenty-five dollars. It then proceeds as follows: "All of said personal property was then and there the personal property of Gardner F. Williams, and was of the aggregate value of $225, and was stolen, taken, and carried away as aforesaid *by the said Gardner F. Williams,* contrary to the form, force, and effect of the statute," etc.

The argument is, that this charges an offense against Gardner F. Williams, and not against the prisoner. But it is apparent that the insertion of the name of Williams was a mere clerical error. The information first distinctly states that the prisoner stole the property, and that it was the property of Williams; and it cannot be that Williams stole his own property. Moreover, the statement in question is, that the property was "stolen, taken, and carried away *as aforesaid* by the said Gardner F. Williams," which clearly refers to the first part of the information, and shows that the name of Williams was not intended to follow. The words last quoted may be stricken out altogether without in any degree impairing the sufficiency of the information. We think that, taking the whole information together, it sufficiently charges the prisoner with the crime of which he was convicted.

Very probably there was a defect of form. But defects of form must be taken advantage of by demurrer. A defendant cannot be allowed to take his chances of a favorable verdict, and hold in reserve the power to have an unfavorable one set aside for a defect of form which could easily have been rectified if attention had been called to it at the proper time.

2. Part of the defense was, that the prisoner was intoxicated when he took the horse. With reference to this, a witness for the prosecution, who saw the prisoner a short time before he took the horse, was asked what appeared to be his condition as to sobriety. It is urged

that since the witness was not an expert she was not competent to testify on this point.   But drunkenness is, unfortunately, of such common occurrence, that it does not require an expert to pronounce upon it.   We think the case falls within the principle of *People* v. *Sanford,* 43 Cal. 32, 33.

3.   The fact that the information charged the stealing of a horse, whereas the evidence showed the stealing of a " gelding," does not constitute a variance.   (*People* v. *Pico,* 62 Cal. 52.)

The other points made do not require special notice. We therefore advise that the judgment and order be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, judgment and order affirmed.