[No. 15281.    Department Two.— June 7, 1894.]

AUGUSTA HOLLAND, ADMINISTRATRIX, ETC., RE-SPONDENT, v. ALFRED ZOLLNER ET AL., APPEL-LANTS.

EVIDENCE—OPINIONS OF NON-EXPERT WITNESSES, WHEN ADMISSIBLE.—As a general rule the opinions of non-expert witnesses are not admissible in evidence, but they must state facts and not opinions deduced from the facts, leaving to the jury, whose province it is, to draw the proper inference from the facts when stated; but this general rule has exceptions, and the opinions of ordinary witnesses derived from observation are admissible in evidence, when, from the nature of the subject, the facts cannot be stated or described in such language as will enable persons not eyewitnesses to form an accurate judgment.

ID.—OPINION AS TO SANITY—INTIMATE ACQUAINTANCE—QUALIFICATION OF WITNESS.—In order to enable a witness to testify to the appearance of a person with reference to his being rational or irrational in his presence and under his observation, it is not necessary that he should be an intimate acquaintance of such person, or be qualified as an expert witness.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial.

The facts are stated in the opinion.

*Naphtaly, Freidenrich & Ackerman, J. W. Jellett,* and *A. Ruef,* for Appellants.

The court erred in permitting the witnesses McKisick and French to give their opinions as to the mental con-

dition of Henry Holland. (*Estate of Carpenter,* 94 Cal. 406; *People* v. *Levy,* 71 Cal. 618.)

*Lloyd & Wood,* and *A. Heynemann,* for Respondent.

The court did not err in permitting the witnesses Mc-Kisick and French to testify to their opinions based on the appearance of Henry Holland, as to whether he was rational or irrational. (*People* v. *Lavelle,* 71 Cal. 351.)

SEARLS, C.—This is an action to have a deed declared fraudulent and void, and that it be set aside, annulled, and declared of no effect. Plaintiff had a decree in her favor, from which, and from an order denying a motion for a new trial, the defendant Alfred Zollner appeals.

The plaintiff and Henry Holland intermarried at the city and county of San Francisco on the sixteenth day of July, 1885, prior to which time plaintiff was a widow and the mother of four children, of whom the defendant Alfred Zollner is one. On the second day of February, 1891, Alfred Zollner obtained from Henry Holland a deed of conveyance of a lot of land on Montgomery avenue, San Francisco.

At the same date Alfred Zollner executed an agreement in writing, whereby he agreed to pay to Henry Holland, during the lifetime of the latter, the net proceeds arising from the rents and profits of the property conveyed, and, after the death of said Holland, to pay to the plaintiff herein during her natural life the sum of one hundred dollars per month.

Henry Holland died on the twenty-first day of February, 1891, leaving surviving him as his sole heir his widow, the plaintiff herein, who was duly appointed the administratrix of his estate, and qualified as such before the commencement of this action.

In response to the issues made by the pleadings the court found that at the date of the execution of the deed Henry Holland was greatly enfeebled in body and mind, and wholly unable to transact any business; that he was of advanced age (seventy-two years), of weakened men-

tal faculties, indifferent to, and incapable of, the transac-
tion of business of importance; physically and mentally
prostrated, and wholly unable to give any valid consent
to any contract, or to execute or deliver any valid deed,
and remained in such condition to the time of his death
some twenty days later.

The findings then proceed to state that the defend-
ant Zollner, well knowing the premises, fraudulently
designed and intended, and did fraudulently and design-
edly take an unfair advantage of the mental weakness
of mind of said Holland, and fraudulently and without
consideration procure the execution and delivery of the
said deed so conveying the property to himself.

That defendant procured said conveyance by Holland
to himself by the exercise of undue influence over the
former.

The other defendant, Auguste Orton, was the tenant
in possession of the premises conveyed by the deed in
question, and was made a party defendant to the end
that he might be enjoined, etc.   He made default, and
has not appealed.

At the trial, after testimony had been introduced on
the part of plaintiff tending to show the enfeebled con-
dition of Henry Holland, and his failure to notice his
surroundings, his neglect to notice his friends, or to
respond to conversation, etc., and that toward the end
of October, 1890, he was, by the advice of his physician,
taken by his wife and her daughter to Byron Springs,
etc.; thereupon Mrs. L. L. French was called as a wit-
ness on the part of plaintiff, and testified, in substance,
that she was at Byron Springs when Holland and wife
came there; that she became acquainted with them, and
sat next to Mr. Holland at table, and occasionally with
them in the afternoon, and talked with them.

That at table he behaved peculiarly; would grab all
the milk in reach, and drink four or five glasses of it
in succession as quickly as he could; would eat enor-
mously at times, and then scarcely at all; would throw
food offered him away; push things across the table.

Was at times irritable to his wife and daughter, and at others unnaturally pleasant and agreeable, and at times would look so wild that his eyes would almost stand out of his head. Would shovel food into his mouth, and swallow it without chewing it. That on one occasion witness spoke to him, whereupon he stared, and looked so wild that she left, and was glad to get away; and other testimony tending in the same direction.

Whereupon plaintiff's counsel asked witness the following question: " Q. What was the appearance of this man at that time with reference to his being rational or irrational?"

To which question counsel for defendant objected, upon the ground that it was incompetent, and upon the ground that it does not appear that the witness is a competent person to answer the question or pass upon it— the question as to his mental condition.

"*The Court.* The objection is overruled on the authority of *People* v. *Lavelle,* 71 Cal. 351." To which ruling defendant, by his counsel, excepted. To the question proposed, the witness answered "*irrational,*" and this ruling is assigned as error.

A similar question was put to L. D. McKisick, who had testified similarly; like ruling had, and answer given, and exception noted.

These alleged errors may be considered together.

These witnesses had been with Mr. Holland at Byron Springs but a single week, and it is not contended that they were within the category of *intimate acquaintances,* who under subdivision 10 of section 1870 of the Code of Civil Procedure are entitled to give an opinion "respecting the mental sanity of a person, the reason for the opinion being given."

Counsel for appellant rely upon *Estate of Carpenter,* 94 Cal. 406, in support of their contention. In that case the question discussed was as to what constituted such a degree of intimacy as entitled the witnesses to give an opinion as to the mental condition of the testator. Temple, C., said: "The allegation of mental incom-

petency was supported in a large degree by the opinions
of witnesses claimed to be intimate as to his mental
condition.   Objection was made in the case of each
witness on the ground that the witness was not shown
to be an intimate acquaintance within the meaning of
subdivision 10 of section 1870 of the Code of Civil Pro-
cedure, which makes competent 'the opinion of an inti-
mate acquaintance respecting the mental sanity of a
person, the reason for the opinion being given.' "

The learned commissioner then proceeds to discuss
the meaning of the term *intimate acquaintance*, points
out the difficulty of "drawing a definite line between
things which are separated only by degrees of differ-
ence," and concludes that in such cases "a very large
discretion must be conceded to the trial court."

In that case there was no question but that the wit-
nesses had given opinions as to the mental sanity of the
testator.   They had testified as experts, and the question
related to their competency as such.

In the present case there is not, as I understand it,
any claim that the witnesses were experts within the
meaning of that term as defined by section 1870 of the
Code of Civil Procedure.

The contention of respondent is that the questions
put to the witnesses did not call for an opinion as to the
mental sanity of Holland, but were confined to an open
patent fact indicated to all alike, the non-expert as well
as the expert, viz: did he appear to be rational or irra-
tional?

In confining the opinions of witnesses, respecting the
mental sanity of a person, to the intimate acquaintances
of such person, our code has set at rest a question upon
which diverse opinions have existed in different states.

Except so far as modified by the statute the law of
evidence remains subject to such rules as experience
has demonstrated to be best calculated to promote the
ends of justice.   As a general rule the opinions of non-
expert witnesses are not admissible in evidence.   They
must state facts and not opinions deduced from the

facts, leaving to the jury, whose province it is, to draw the proper inference from the facts when stated.

To this general rule there are a number of exceptions, as clearly defined and as thoroughly established as the rule itself. One only of these exceptions need be mentioned here; it is as follows: "The opinions of ordinary witnesses derived from observation are admissible in evidence, when, from the nature of the subject under investigation, no better evidence can be obtained." (Lawson on Expert and Opinion Evidence, 3.)

It is said the exception quoted applies to questions of identity, handwriting, quantity, value, weight, measure, time, distance, velocity, form, size, age, strength, heat, cold, sickness, and health; questions also concerning various mental and moral aspects of humanity, such as disposition and temper, anger, fear, excitement, intoxication, veracity, general character, etc. (Note to Wharton on Evidence, sec. 513.)

The reason underlying the exception is that, from the very nature of the subject in issue, it cannot be stated or described in such language as will enable persons not eyewitnesses to form an accurate judgment in regard to it. (*De Witt* v. *Barly*, 17 N. Y. 340.)

The paucity of language, and the incompetency of witnesses to describe graphically the photograph left upon the mind by observed facts, renders every effort to convey to a jury an adequate conception of the ultimate fact futile except by announcing the conclusion in their own minds.

A witness may describe a person as having gray hair, a wrinkled face, an uncertain gait, and by such other facts as indicate advanced years, and a jury, from such statement, could determine nothing as to his exact age, beyond the conclusion that he was an old man; yet the witness who has detailed all the facts of which he was capable can give an opinion as to the age of the man he has described, which is almost exactly the truth.

We identify men. We cannot tell how, because expressions of the face, gestures, motions, and even

form, are beyond the power of accurate description. Love, hatred, sorrow, joy, and various other mental and moral operations, find outward expression, as clear to the observer as any fact coming to his observation, but he can only give expression to the fact by giving what to him is the ultimate fact, and which, for want of a more accurate expression, we call opinion.

To say that a man acts *rational* or *irrational* is but to describe an outward manifestation drawn from observed facts. It is the last analysis, the ultimate fact, deduced from evidentiary facts coming under observation, but so transitory and evanescent as to be like drunkenness, easy of detection, and difficult of explanation.

Such conduct is not so much a matter of judgment as of observation. The conclusion is reached not as a sequence of knowledge in reference to occult mental conditions, but as a result of observed facts patent to all, concerning which the non-expert is as competent to judge as the trained specialist.

No one will doubt but the facts in relation to the conduct of Holland were admissible in evidence, and that could the witnesses have explained every look, gesture, expression, and motion, it would have been competent to do so.

All that the exception we have quoted seeks to do is, in such cases, by reason of the impossibility of giving form to all these varied manifestations, to permit the witness from necessity to produce the result of the manifestation as a whole.

*People* v. *Lavelle*, 71 Cal. 351, was a case in which the defendant was charged with an assault with intent to commit murder. One Keeney, a deputy sheriff, who was present at the time of the arrest, which immediately followed the assault, was asked the precise question put here, viz: "What was the appearance of this man (the defendant) at that time with reference to his being rational or irrational?" The question was objected to, the objection overruled, etc., and on appeal the ruling was assigned as error. In affirming the judgment

Myrick, J., said: "The evidence sought to be elicited was not the opinion of the witness as to the mental sanity of the defendant, based on an acquaintance with him, but was as to a fact, namely, his appearance at the time. The appearance of a person at a given time is one thing; the opinion of a witness as to the mental condition of that person, based on an acquaintance with him, is quite another." The ruling in that case is conclusive of the contention here in favor of the respondent.

Appellant's counsel have argued at considerable length the question of the insufficiency of the evidence to uphold the facts as found by the court. A review of the testimony here would be of no benefit to the appellant, or to the profession or public.

I therefore content myself by saying that, after a careful perusal of the long statement on motion for a new trial, I am clearly of opinion the court below made no mistake in its findings of fact, and that had it reached a different conclusion upon the testimony before it, the result might well have been challenged as against the great preponderance of evidence.

The judgment and order appealed from should be affirmed.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

DE HAVEN, J., MCFARLAND, J., FITZGERALD, J.

A petition for a hearing in Bank having been filed, the following opinions were rendered thereon on the 7th of July, 1894.

The COURT.—The petition for hearing in Bank is denied. Conceding that the last question asked of the witness, Mrs. French, on direct examination, and the answer given thereto, were erroneous under the decision of this court in *Estate of Carpenter*, 94 Cal. 406, still, considering the cross-examination of the witness and

all the other evidence in the case, we do not think the error of sufficient importance to warrant a reversal of the judgment. The same may be said of the witness McKisick, and, furthermore, his testimony was not of a character to prejudice appellant.

GAROUTTE, J., concurring.—While concurring in the order denying a rehearing in this case, I am unable to concur in the views of the Department holding that the question addressed to the witness upon the appearance of Holland as to his being rational or irrational was unobjectionable. At common law any one was entitled to give his opinion as to the mental condition of a party, while under the Code of Civil Procedure only intimate acquaintances are allowed to so testify. At the same time this provision should have a liberal construction, and a wide discretion as to such matters is vested in the trial court. In the present case a week's acquaintance and association of the character indicated in this record, in my opinion, furnished a foundation sufficient to support the admission in evidence of the witness' opinion as to Holland's mental soundness, and for this reason the evidence of which complaint was made was properly placed before the jury. But upon any other hypothesis the question addressed to the witness, to wit, "From the appearance of Mr. Holland at that time, with reference to his being rational or irrational, what is your opinion?" is objectionable. It is held in *Marceau* v. *Travelers' Ins. Co.*, 101 Cal. 338, that only experts and intimate acquaintances are entitled to give opinions upon this ultimate fact. And from whatever standpoint of vision you view this question it calls for the opinion of the witness. Indeed it calls for it in direct terms. A witness who is neither an expert nor an intimate acquaintance may testify as to the acts and language of the party, and no further. To say that, in your opinion, a party appears to be rational or irrational, sane or insane, is but saying in another form that from what you have seen of him you think his mind sound or

CII. CAL.—41

unsound. The distinction between the two forms of expression are too refined and attenuated to be discovered, even by the most powerful searchlight. It is but a play upon words; and if the practice of asking a question of this character be approved, all persons who have met the party, however unsatisfactory and fleeting that meeting, will be allowed to give their opinion as to his sanity, and thus the provision of the code will become useless legislation upon the statute books.

It is said in the *Estate of Carpenter*, 94 Cal., at page 416, that the form of question we are here considering is even more objectionable than if the ordinary and direct interrogatory had been addressed to the witness. It is perfectly apparent to my mind that it is but doing indirectly (and the indirection is hardly perceptible) what the statute and the decisions declare cannot be done directly. *People* v. *Lavelle*, 71 Cal. 351, is the only case to my knowledge since the adoption of the codes that supports a contrary view. The case is not well considered, and no authority of any court is there cited to support the principle declared.