[Crim. No. 202.  In Bank.—April 10, 1897.]

# THE PEOPLE, RESPONDENT, *v.* W. A. SEHORN, APPELLANT.

CRIMINAL LAW—PLEADING—MOTION TO SET ASIDE INFORMATION—IRREGULARITIES AT PRELIMINARY EXAMINATIONS—REVIEW UPON APPEAL.— A judgment of conviction in a criminal case will not be reversed for refusal of a motion to set aside the information because of mere irregularities in the preliminary examination, not affecting a substantial right of the defendant.

ID.—CALLING IN ANOTHER JUSTICE AT PRELIMINARY EXAMINATION—REASON FOR ORDER—SUBSCRIPTION TO DOCKET—DIRECTORY STATUTE—A justice of the peace has power to call in another justice for the purpose of making a preliminary examination, and it is not required that the order requesting another justice so to act should set forth the reason why the request was made; nor does the failure of such other justice to subscribe the docket, as provided in section 105 of the Code of Civil Procedure, affect any substantial right of the defendant, it not appearing that any material proceeding must be so entered and subscribed in the case of a preliminary examination, and that section, if applicable to a preliminary examination, is merely directory.

ID.—INDORSEMENT OF ORDER HOLDING TO ANSWER.—The order holding a defendant to answer at the conclusion of the preliminary examination is not invalid because not indorsed upon the depositions other than the complaint, and it is sufficient if it is indorsed upon the complaint.

ID.—ABSENCE OF FORMAL COMMITMENT—SUBSTANTIAL COMPLIANCE WITH LAW.—The absence of a formal commitment running to the sheriff, is not ground of reversal; but, where the defendant was originally committed to the custody of the sheriff by the order indorsed upon the warrant of arrest, and afterward by the order indorsed upon the complaint, the law is substantially complied with, and, in any event, the question whether the sheriff was properly holding the defendant under the commitment could only be material during the time when the sheriff was so holding him.

ID.—DE FACTO JUSTICE OF THE PEACE—ORDER CHANGING BOUNDARIES OF TOWNSHIP—NONRESIDENCE OF JUSTICE.—Assuming that a valid order has been made changing the boundaries of a township so as to make a justice of the peace a nonresident of the township, yet, if no other person was appointed to fill the office, and the justice continues to act as such justice and to do business as a justice of the township, without being ousted therefrom, he is a *de facto* justice of the peace of the township, and his right to exercise the functions of the office cannot be questioned in a collateral proceeding.

ID.—JURY TRIAL—SPECIAL VENIRE—DISCRETION—APPOINTMENT OF ELISOR —DISQUALIFICATION OF SHERIFF—CORONER.—Where the venire drawn from the regular jurors has been exhausted, the court has discretion to order a special venire of jurymen to be summoned from the body of the county; and it may appoint an elisor to summon them, where the sher-

iff is admitted to be disqualified, and the coroner is shown to have been a member of the coroner's jury, which disqualified him under subdivision 4 of section 1074 of the Penal Code.

ID.—HOMICIDE—EVIDENCE—ARMING OF DECEASED—REBUTTAL.—Where a defendant charged with murder has testified that he believed the deceased was armed at the time of the homicide, it is not error to allow testimony for the prosecution in rebuttal that, as matter of fact, the deceased was not armed.

ID.—UNFRIENDLY RELATIONS BETWEEN DEFENDANT AND DECEASED—ABSENCE OF PREJUDICIAL ERROR.—Where a witness testifying to unfriendly relations between the defendant and the deceased, stated fully the facts upon which his testimony was based, and the same kind of testimony was afterward introduced without objection, there can be no prejudicial error in the admission of the testimony.

ID.—NEWSPAPER ARTICLE PUBLISHED BY DEFENDANT—THREAT AGAINST DECEASED—IDENTIFICATION OF PARTIES.—It is not ground of reversal to admit in evidence an article published by defendant in his newspaper, where it cannot be said, as matter of law, that it cannot be fairly construed as containing a threat against the deceased, and where the article on its face might well be taken as referring to the deceased, and it appears from the record that evidence was introduced to identify the parties referred to.

ID.—OBJECTION ON APPEAL FOR FIRST TIME—REFERENCE OF ARTICLE TO DECEASED.—Where such newspaper article was objected to at the trial, only on the ground that it was not competent or material, it seems that the objection cannot be urged on appeal for the first time, that the article does not, on its face, refer to the deceased.

ID.—CROSS-EXAMINATION OF PROSECUTING WITNESSES—EVIDENCE IN CHIEF FOR DEFENDANT—RULING WITHOUT PREJUDICE.—The defendant has no right to elicit evidence on cross-examination of witnesses for the people, where the questions asked do not refer to any matter testified to by such witnesses in chief for the prosecution; and where such witnesses were afterward called for the defendant, and testified fully as to the matter inquired about on cross-examination, the defendant could not be prejudiced by the refusal to allow the cross-examination, even if erroneous.

ID.—INTOXICATION OF DEFENDANT—OPINION FROM APPEARANCE.—It is admissible for a witness to state that, judging from the appearance of the defendant at the time of the homicide, he had been drinking.

ID.—CROSS-EXAMINATION OF MEDICAL WITNESS—CONTUSION UPON DEFENDANT.—Where a medical witness called for the defendant testified in chief that he found a contusion, enlargement and discoloration upon his person, he may be asked, on cross-examination, if they were such as to require medical treatment.

APPEAL from a judgment of the Superior Court of Glenn County, and from an order denying a new trial. FRANK MOODY, Judge.

The facts are stated in the opinion of the court.

*H. M. Albery, K. E. Kelley* and *Charles L. Donohoe* for Appellant.

*Attorney General W. F. Fitzgerald, Assistant Attorney General W. H. Anderson,* and *Deputy Attorney General C. N. Post,* for Respondent.

McFARLAND, J.—The defendant was charged by the information with murder, and was convicted of manslaughter; and he appeals from the judgment and from an order denying his motion for a new trial.

A great part of appellant's brief is devoted to technical points touching the regularity and validity of the proceedings before the committing magistrate on the preliminary examination upon which the information is founded; and it is contended that, on account of alleged defects in said preliminary proceedings, defendant's motion to set aside the information should have been granted. The general rule as to such points is that, after a defendant has been tried upon an information and convicted, the conviction will not be set aside for mere irregularity in the preliminary examination which does not affect any of the substantial rights of the defendant. As was said by this court in *People* v. *Rodrigo,* 69 Cal. 602: "To justify the quashing of the information it must at least appear that the defendant was deprived of some substantial right." The facts in the case at bar touching these points, so far as they are material, are as follows: On October 7th complaint was duly made before Frank McNorton, justice of the peace of the first judicial township in Glenn county, charging the appellant with the murder of one John E. Putnam; whereupon the said justice issued his warrant, and indorsed thereon that said appellant "is hereby committed to the sheriff of the county of Glenn, without bail, until he can be tried or examined on said charge." The preliminary examination was then set by said justice for October 15, 1895, and on the fourteenth day of October it was agreed that the examination should commence on that day, instead of the day following. Thereupon the

said Justice McNorton called in Justice George Jansen, of the second judicial township of said county, to hold the examination, who proceeded to do so. Upon the close of the examination on October 16th, the said justice entered an order in the justice's docket as follows:

"I adjudge defendant W. A. Sehorn guilty of the crime of murder, and commit him to the custody of the Superior Court for trial." At the same time, on October 16th, the said Justice Jansen indorsed on the complaint the following order: "It appearing to me that the offense of murder has been committed, and that there is sufficient cause to believe the within named W. A. Sehorn, defendant, guilty thereof, I order that he be held to answer the same, and committed to the sheriff of the county of Glenn."

(Signed)                    "George Jansen,
                              "Justice of the Peace."

No order was indorsed upon any deposition other than the complaint; and it does not appear that the said Justice Jansen subscribed his name to the docket, except as the same appears in a document which the said Jansen sent to the clerk of the superior court, called a "statement of the case." Neither does it appear that a commitment in the form prescribed by sections 876 and 877 of the Penal Code was made out and delivered to the sheriff. Neither does it appear that Justice McNorton, in his own order requesting Justice Jansen to act for him, set forth any reason why said request was made.

It is contended by appellant that one justice of the peace has no power to call in another for the purpose of making a preliminary examination; but that point has been determined against appellant's contention in *People* v. *Sansome*, 98 Cal. 240. It is contended also that the order requesting another justice so to act should set forth the reason why the request was made; but there is no statutory provision to that effect. It is also contended that the preliminary examination is void because the justice requested to act as aforesaid did not

subscribe the docket, as provided in section 105 of the Code of Civil Procedure; but that provision is only to the effect that the "proper entry of the proceedings before the attending magistrate subscribed by him shall be made in the docket of the justice for whom he so holds the court," and refers only to those proceedings which are necessary to be entered in the docket, and which should have been so entered by the original justice if he had been himself acting; and our atten- tion has not been called to any material proceeding which must be so entered and subscribed in the case of a preliminary examination. If it can be held to apply to a preliminary examination it is merely directory, and affects no substantial rights of the defendant in such proceeding. The contention that the order hold- ing the appellant to answer is invalid because it was not indorsed upon the depositions other than the com- plaint, is not tenable; it has been held that it is suffi- cient if such an order be indorsed upon the complaint. (*People* v. *Young*, 64 Cal. 212: *People* v. *Wilson*, 93 Cal. 377; *People* v. *Dolan*, 96 Cal. 315.)   There is nothing in the contention that the case should be reversed because there was no formal commitment running to the sheriff, as required by sections 876 and 877. The defendant was originally committed to the custody of the sheriff by the order indorsed upon the warrant of arrest, and afterward by the order indorsed upon the complaint committing the appellant to the sheriff of the county of Glenn. This was a substantial compliance with the law, but, under any view, the question whether the sheriff was properly holding the appellant under the commitment would have been material only during the time when the sheriff was so holding him. As was said in *Ex parte Baker*, 88 Cal. 84: "The phrase 'legally committed,' as used in the foregoing sections, refers *to the examination of the case*, and the holding of the de- fendant to answer, as prescribed by title III, chapter VII, of the Penal Code."

It is contended that Jansen, who was called in to con-

duct the preliminary examination, was not a justice of the peace, and could not legally commit the defendant. The facts upon which this contention are made are these: After Jansen had been appointed justice of the peace of the second judicial township, the board of supervisors of the county undertook to change the boundaries of that township in such a manner as to make him a nonresident thereof. It is somewhat doubtful, upon the record, whether any valid order was ever made changing the boundaries of said township, but, assuming that it was legally made, and that thereafter the said Jansen was not a resident of the township as thus changed, still he continued to act as such justice and to do business as the justice of said township. No other person was appointed to fill said office, and he continued to perform the duties of said office up to and during the said preliminary examination. He never was ousted from said office by *quo warranto*, or any other similar proceeding. He was, therefore, a *de facto* justice of the peace of said township, and his right to exercise the functions of his office cannot be questioned in this or any other collateral proceeding. (Throop on Public Officers, secs. 625, 631, and cases there cited; *People* v. *Roberts*, 6 Cal. 214; *Case* v. *State*, 59 Ind. 46; *Woodside* v. *Wagg*, 71 Me. 207; *Sheehan's case*, 122 Mass. 445; 23 Am. Rep. 374; *People* v. *Hecht*, 105 Cal. 621; *Hull* v. *Superior Court*, 63 Cal. 177.) These views dispose of all the technical points made by appellant as to the irregularity and invalidity of the commitment of the appellant upon the preliminary examination necessary to be noticed.

A great many other points are made by appellant, none of which are, in our opinion, maintainable. We will refer to those which seem to call for special notice.

After a drawn venire of thirty jurors had been exhausted, the court made orders for additional jurors to be summoned from the body of the county, under the provisions of section 226 of the Code of Civil Procedure, and appellant contends that this was an abuse of discre-

tion, and error. This contention is not sound. There may, no doubt, be cases where, as was said in *Levy* v. *Wilson*, 69 Cal. 111, the drawing of the entire jury from the box would be "more consistent with the correct administration of justice"; but it has frequently been held, with respect to both grand and trial jurors, that after the venire drawn from the regular jurors had been exhausted the court may order additional jurors to be summoned from the county at large, and that such proceeding is valid—at least, unless there has been a gross abuse of discretion, which does not appear in the case at bar. (*People* v. *Davis*, 47 Cal. 95; *People* v. *Devine*, 46 Cal. 47; *Levy* v. *Wilson, supra; People* v. *Vincent*, 95 Cal. 427; *People* v. *Leonard*, 106 Cal. 318; *People* v. *Durrant*, ante, p. 100.)

There was no error committed by appointing an elisor. It was admitted that the sheriff was disqualified, and it was shown that the then coroner had been a member of the coroner's jury, which disqualified him under subdivision 4 of section 1074 of the Penal Code. (*People* v. *Young*, 108 Cal. 13.)

There was evidence introduced by defendant that he believed the deceased to be armed at the time of the homicide; and, therefore, it was not error for the court to allow testimony to the point that, as a matter of fact, the deceased was not armed. (*People* v. *Powell*, 87 Cal. 362.)

There was no prejudicial error committed in allowing the witness Hulet to testify to the unfriendly relations between appellant and the deceased. We need not inquire whether or not the testimony was of that class in which a witness, owing to special opportunity for observation, but not as an expert, may testify as to the manner in which another person acted, and as to his demonstrations of affection or dislike, etc., which class is recognized by the authorities (see Bishop's New Criminal Procedure, sec. 1178; Wharton's Criminal Evidence, 460), for, in this case the witness stated very fully the facts upon which his testimony was based, and, more-

over, the same kind of testimony was afterward introduced without objection. (*Duffy* v. *Duffy*, 104 Cal. 605.)

We do not think that the case should be reversed on account of the admission in evidence of what is called the "bulldozer" article, written by appellant and published in his newspaper. It was admitted that at the time of the publication of that article the deceased was a member of the board of town trustees and was the chairman of that board. The article is about the said board, and particularly about the "chief" of the board; and we cannot say, as a matter of law, that the article could not be fairly construed as containing a threat against the deceased. The point made here for the first time by appellant that the article does not, on its face, refer to the deceased can hardly now be considered, as the only objection at the trial was that it was not competent or material. (*People* v. *Louie Foo*, 112 Cal. 21–24, and cases there cited); but, in the first place, the article on its face might well be taken as referring to the deceased, and, in the second place, it appears from the record that evidence was introduced "to identify the parties referred to in the article heretofore referred to as the bulldozer."

There was no error committed in sustaining objections to certain questions asked by appellant on crossexamination of Adams and Furnish, witnesses for the people. Their testimony in chief was, in substance, that on the day of the homicide they met the appellant "on the street in front or near Mr. Freeman's hardware store," and had a conversation with him about certain matters, and that he asked them to walk up the street with him. On cross-examination it appeared that they walked up the street with him to the place of business of the deceased, Putman. The witness Adams was then asked by appellant (and the cross-examination of Furnish as to the point was substantially the same) the following questions: "Did you see Mr. Putman there?" "Did you witness any difficulty there, Mr. Adams?" "Did you hear any conversation between Mr. Putman

and Mr. Sehorn there ?" These questions were objected to as not proper cross-examination, and the objections were properly sustained on that ground; the questions did not refer to any matter testified to by said witnesses in their testimony in chief. Moreover, Adams and Furnish were called by appellant as his own witnesses, and testified fully as to the said matters which he sought to ask them about on cross-examination; so that he was not prejudiced by said rulings of the court even if they could be held erroneous.

The testimony given by the witness Furnish touching the intoxication of the defendant—given in answer to a question which was modified by the court—was nothing more than a statement that judging from his appearance he had been drinking, and was therefore properly admitted. (1 Bishop's New Criminal Procedure, sec. 1178; *People* v. *Montieth*, 73 Cal. 8; *People* v. *Sanford*, 43 Cal. 32–33; *Clary* v. *Clary*, 2 Ired. 78.)

Appellant's witness, Dr. Tooley, having testified in chief that he found a contusion, an enlargement, and a discoloration on appellant's person, was asked on cross-examination if they were such as to require medical treatment; and it was not error to allow the question over the objection of appellant. It was clearly proper cross-examination. Moreover, the testimony of the witness in response to the question was of no appreciable importance.

We do not deem it necessary to notice at large the positions taken by appellant, that the witness Henning was improperly allowed to testify to a statement made by appellant shortly after the homicide; that the venue was not proven; that the jury was not in charge of the proper person; that there was improper conduct on the part of the jury; that certain jurors were incompetent to serve; that the evidence was not sufficient to justify the verdict; and that a new trial should be granted on account of newly discovered evidence. It is sufficient to say that no one of these positions is tenable. The rec-

ord presents no good reason for the granting of a new trial, or the reversal of the judgment.

The judgment and order appealed from are affirmed.

VAN FLEET, J., HARRISON, J., HENSHAW, J., TEMPLE, J., and GAROUTTE, J., concurred.

Rehearing denied.