119   79<br>
f135  586

STATE OF IOWA, Appellee, v. BEN McKNIGHT, Appellant.

Murder: DYING DECLARATIONS: COMPETENCY OF. The statements
1    of deceased made shortly prior to her death, under the established facts, held to be admissible in evidence as dying declarations.

Inadmissible Evidence Stricken Out: ERROR CURED: IN-
2    STRUCTION. Statements of deceased that defendant assaulted her on a prior occasion are not admissible, but where admitted and stricken out on motion of the state, it is harmless error, and omission to instuct the jury that the same should not be considered, in the absence of a request, will not justify a reversal.

Evidence: NONEXPERT: MIXED FACT AND CONCLUSION. Matters
3  of mixed fact and conclusion may be stated by a nonexpert
   witness without first detailing the facts upon which the state-
   ments or conclusions are based.

An Admitted Fact: INSTRUCTION. A particular evidential fact
4  which is admitted or is assumed or treated as true by both
   parties on the trial, may be so considered by the court in its
   instruction.

*Appeal from Woodbury District Court.*—HON. A. R.
DEWEY, Judge.

WEDNESDAY, JANUARY 21, 1903.

INDICTMENT for murder. Conviction of murder in the
second degree, and defendant appeals.—*Affirmed.*

*Sullivan & Griffin* for appellant.

*Chas. W. Mullan,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, for the State.

WEAVER, J.—The deceased was wife of the defendant.
She was injured, it is alleged, in an assault made upon her
person by the defendant, about Friday, June 14, 1901, and
died on Sunday, June 23, 1901. On Monday, June 17th,
and again on Friday, June 21st., she made statements con-
cerning the alleged assault upon her by defendant, which
statements were admitted in evidence as dying declara-
tions. It is earnestly contended by counsel that the ad-
mission of this testimony was erroneous, for the reason
that there was no sufficient showing that the declarations
were made by the woman under a sense of impending
death. With the general rule of law as stated by counsel
for appellant, and the authorities cited, we are not dis-
posed to take issue. We think, however, upon a careful
reading of the testimony, that, even under the rule ad-
vanced in argument, the evidence was properly admitted.

Without stopping to quote extensively from the record, it may be said that it is shown by several different witnesses that very soon after receiving her injury the woman

1. DYING declar-ations: com-petency of. became rapidly and alarmingly ill, and that as early as Monday thereafter she began to indicate her belief that her condition was hopeless, saying: "I can never get well. You don't know how bad I am hurt." "I will never get over it." Other witnesses, attempting to express the substance of her statements, say she "expected to die," and use other like expressions. These statements, taken in connection with the testimony of the physician and others showing that she was in fact very sick, and apparently fatally stricken, sufficiently indicate her consciousness that her death was at hand, and that she spoke under the solemn apprehension of impending dissolution. We have had recent occasion to consider the law concerning dying declarations (*State v. Phillips*, 118 Iowa, 660), and think it unnecessary to enter upon any general discussion of that subject at this time.

II.    One or more of the witnesses to the dying declarations were permitted to testify that the deceased, after stating the particulars of the alleged assault, further said,

2. INADMIS-SIBLE evi-dence strick-en out; error cured: in-struction. in substance, that he had assaulted her on a former occasion, and she was not yet well from the hurt then inflicted upon her by defendant. It is argued that the law which permits the use of dying declarations in evidence limits them strictly to the facts and circumstances attending the immediate injury from which the declarant is about to die, and that statements as to prior occurrences are inadmissible. This, we think, is a correct statement of the law. *State v. Perigo*, 80 Iowa, 37; *State v. Oshea*, 60 Kan. 772 (57 Pac. Rep. 970); *Perry v. State*, 102 Ga. 365 (30 S. E. Rep. 903); *Montgomery v. State*, 80 Ind. 338 (41 Am. Rep. 815). It appears, however, from the record, that

before the close of the trial this evidence was withdrawn or stricken out upon the motion of the county attorney, and the error of its admission was thereby cured. Appellant makes the point in argument, that in view of the prejudicial character of the testimony, the court should have called the jury's attention to its withdrawal, and specially directed them to disregard it. Such direction is, without doubt, the better practice, and the trial court would doubtless have given it upon defendant's request. No such request was made, and the matter has no such vital relation to the essential elements of the crime charged that failure to instruct upon it without being asked so to do will justify a reversal.

III. Error is assigned upon the admission of testimony of nonexpert witnesses as to the appearance and condition of the deceased during the time between the alleged

3. EVIDENCE: non-expert: mixed fact and conclusion.

assault and her death, the particular point being made that these witnesses were not required to first state the facts upon which their statements or conclusions were based. The statements to which these criticisms are directed were to the effect that the deceased "appeared to be despondent," "did not seem hopeful," "had a fever," and other expressions of the same general nature. That the rule contended for is applicable in cases where nonexpert witnesses assume to express an opinion of the mental soundness or unsoundness of a person will be admitted, but the testimony here objected to does not come within that class, but, rather, within the well-recognized class of matters of mixed fact and conclusion, which may properly be testified to by the ordinary observer. *Reininghaus v. Association*, 116 Iowa, 364; *Will v. Village of Mendon*, 108 Mich. 251 (66 N. W. Rep. 58); *Insurance Co. v. Sheppard*, 85 Ga. 751 (12 S. E. Rep. 18); *Railway Co. v. Regan*, (Tex. Civ. App.) 34 S. W. Rep. 796; *People v. Lavelle*, 71 Cal. 351 (12 Pac. Rep. 226); *Barker v. Comins*, 110 Mass. 477.

IV.   In the twentieth paragraph of its charge the court said to the jury, "It is a conceded fact in this case that the deceased, Nicholine McKnight, came to her death

**4.** ADMITTED fact: instruction. from septicemia, commonly known as 'blood poisoning'; the source of the malady being in contention." This is said to be an invasion of the province of the jury, as the defendant had entered a plea of not guilty, and the burden of proving guilt was upon the state.   That the burden of proving every essential element of the crime charged rests upon the state throughout the trial is an elementary principle of the criminal law, but it does not follow that a particular evidential fact which is expressly admitted or is assumed or treated as true by both parties upon the trial may not be so treated by the court in its instruction.   The record shows that both the state and defendant contended that the immediate cause of the death of Mrs. McKnight was blood poisoning; the state claiming and offering evidence to show that the poisoning proceeded from or was caused by the wounds and injuries inflicted upon her by the defendant, while he contended and offered evidence tending to show that it proceeded from or was caused by a sore or ulcer of long standing, with which it was claimed the unfortunate woman was afflicted.   In *State v. Archer*, 73 Iowa, 320, we held it was not error for the court, upon a trial for murder, to state to the jury that the killing was admitted, when such appeared to be the fact.   The charge in the case before us seems to be fairly within the rule of this precedent.   See, also, to the same effect, *Wiborg v. U. S.*, 163 U. S. 632 (16 Sup. Ct. Rep. 1127, 1197, 41 L. Ed. 289); *People v. Phillips*, 70 Cal. 61 (11 Pac. Rep. 493); *Hanrahan v. People*, 91 Ill. 142; *State v. Day*, 79 Me. 120 (8 Atl. Rep. 544); *State v. Angel*, 29 N. C. 27; *State v. Williams*, 47 N. C. 194; *Edwards v. Terrritory*, 1 Wash. T. 195; *State v. Zinn*, 61 Mo. App. 476.   Other instructions given by the court are criticised, but we think they are in accordance

with the law as approved by this court on numerous occasions. The charge of the court, as a whole, appears to be fair and impartial, and contains no reversible error.

V. The judgment, imposing upon the defendant a sentence of imprisonment for a term of twenty-five years, is said to be excessive. We cannot interfere with it. The crime, as the evidence tends to establish it, was of a peculiarly brutal and heartless character, and the appellant cannot justly complain of any penalty less than the extreme limit provided by the statute.

The judgment of the district court is AFFIRMED.