[Crim. No. 760.  Second Appellate District, Division Two.—April 27, 1921.]

## THE PEOPLE, Respondent, v. J. A. SPRAGUE, Appellant.

[1] CRIMINAL LAW—RAPE—EVIDENCE—APPEARANCE AFTER OFFENSE.— In a prosecution for rape, testimony of a witness who occupied a room adjoining that in which it was claimed that the offense was committed, that he met the defendant shortly afterward and that his face was rather disfigured, and that he appeared blanched and somewhat excited, was admissible.

[2] ID.—AGE OF PROSECUTRIX—INSTRUCTION.—In a prosecution for rape, a statement in an instruction that the prosecution contended that the crime was rape because at the time of its alleged commission the prosecutrix was under the age of eighteen years was not erroneous as assuming as a fact that she was under such age, where it was but introductory to the instruction which informed the jury to convict only in the event that it was found beyond a reasonable doubt that the prosecutrix was under the age of eighteen years at the time charged.

[3] ID.—CONSTRUCTION OF INSTRUCTIONS.—To determine whether or not the law is properly declared for the guidance of the jury, the charge as a whole and not an isolated excerpt is to be examined.

[4] ID.—RAPE—CHARACTER WITNESSES—CONSIDERATION OF EVIDENCE— INSTRUCTION.—In a prosecution for rape, where it was drawn out on the cross-examination of some of the witnesses who testified that defendant's general reputation for truth, honesty, and in-

tegrity was bad, that their testimony was based on conversations with some of defendant's creditors who had difficulty in collecting their debts, and the court instructed the jury that an adverse witness may be impeached by evidence of bad reputation, an instruction that a witness may not be impeached by evidence of particular wrongful acts was properly refused, as it was the duty of the jury to consider the character evidence in its entirety.

APPEAL from a judgment of the Superior Court of Tulare County and from an order denying a new trial. J. A. Allen, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. I. Feemster for Appellant.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, and John W. Maltman for Respondent.

FINLAYSON, P. J.—Defendant, who was convicted of the crime of rape, committed on the body of a young girl sixteen years of age, appeals from the judgment and order denying him a new trial.

[1] A witness for the prosecution—a man who occupied a room adjoining that in which it was claimed the offense was committed—after testifying that he witnessed the criminal act and that he met defendant shortly thereafter, was asked by the prosecuting attorney, on his direct examination, what was defendant's appearance when he thus met him. Defendant's counsel objected upon the ground that the question called for the conclusion of the witness. The objection being overruled, the witness testified that defendant's face was rather disfigured, and that he appeared blanched or somewhat excited. The conduct of a suspected person charged with crime, when it is such as to show a consciousness of guilt, is always admissible. It was pertinent to show, therefore, how defendant behaved under the trying circumstances when he met, face to face, the man whom he must have known was the occupant of the room adjoining that in which he is alleged to have satisfied his lustful passions on the body of this young girl. It was permissible to argue that defendant did or did not behave as would an innocent person under similar circumstances. The weight of the testimony was for the jury, but it was

not error to admit it. (*People* v. *Rowell*, 133 Cal. 39, [65 Pac. 127]; *People* v. *Cole*, 141 Cal. 90, [74 Pac. 547]; *People* v. *Weber*, 149 Cal. 339, [86 Pac. 671].) Nor was the question objectionable upon the ground that it called for the conclusion of the witness—the only ground of objection made in the court below. The observations of ordinary witnesses concerning the various mental and emotional aspects of humanity are admissible in evidence. Thus, when the subject matter is relevant, it is permissible to ask a witness what was the appearance of another as to anger, fear, intoxication, etc. "There are," says the court in *Robinson* v. *Exempt Fire Co.*, 103 Cal. 5, [42 Am. St. Rep. 93, 24 L. R. A. 715, 36 Pac. 956], "many cases where a witness, though not an expert, may be permitted to state the result of his observation, notwithstanding it involves, in a sense, his opinion or judgment, such as the apparent state of health of a person, whether a person is drunk or sober, or other characteristic or state which manifests itself to the apprehension of the common observer." (See *People* v. *Lavelle*, 71 Cal. 351, [12 Pac. 226]; *People* v. *Monteith*, 73 Cal. 7, [14 Pac. 373]; *People* v. *McCarthy*, 115 Cal. 260, [46 Pac. 1073]; *People* v. *Sehorn*, 116 Cal. 511, [48 Pac. 495]; *Holland* v. *Zollner*, 102 Cal. 633, [36 Pac. 930, 37 Pac. 231]; *People* v. *Arrighini*, 122 Cal. 121, [54 Pac. 591].)

[2] Complaint is made of an instruction beginning: "In this case the prosecution contends that the crime is rape, because at the time the offense is alleged to have been committed as set forth in the information, Grace —— was under the age of eighteen years." It is claimed that this part of the instruction assumes as a fact that the prosecutrix was under the age of eighteen years. We think the language is not fairly open to this construction. The clause we have quoted is but introductory to an instruction whereby the jurors were told, in substance and effect, that it is their duty to convict only in the event that they shall "find from the evidence beyond a reasonable doubt that at the time mentioned Grace —— was under the age of eighteen years." In the introductory sentence complained of by appellant—that which precedes the instruction as to what facts the jurors must believe beyond a reasonable doubt before they might justly find defendant

guilty—the court was dealing solely with the prosecution's contention respecting its theory of the case, and was not declaring, as a fact, that the prosecutrix was under the age of eighteen years at the time when it was claimed that the crime was committed. [3] To determine whether or not the law was properly declared for the guidance of the jury, we are to look, not to an isolated excerpt from an instruction, but to the charge as a whole. (*People* v. *Besold*, 154 Cal. 370, [97 Pac. 871].) When the whole instruction is read and considered in its entirety, we are satisfied that no juror of ordinary intelligence could have taken the language complained of as being aught than a mere statement by the court that the prosecution was contending that the girl was under eighteen years of age, and that for that reason it was further contending that the crime of rape had been committed.

[4] On rebuttal, and after defendant had testified as a witness in his own behalf, the prosecution put on the stand several witnesses, each of whom, on his direct examination, testified that he knew defendant's general reputation for truth, honesty, and integrity in the community in which he lived, and that it was bad. On the cross-examination of some of these witnesses defendant's counsel drew out the fact that their testimony as to defendant's general reputation, given on their direct examination, was based upon conversations which they had had with some of defendant's creditors, wherein the latter had stated to the witnesses that they, the creditors, had had difficulty in collecting debts due them from defendant. The lower court instructed the jury that "a witness may be impeached by the party against whom he is called, by contradictory evidence or by evidence that his reputation for truth, honesty, or integrity is bad." The court refused to give, at defendant's request, a similar instruction with the additional admonition that a witness may not be impeached "by evidence of particular wrongful acts." It is argued that the requested instruction should have been given that thereby the jury might have been instructed to eliminate from their consideration the testimony respecting the difficulties defendant's creditors had had with him in the collection of their claims. The refusal to give the instruction was not error. There is no claim that the testimony of the character

witnesses was not admissible. Their testimony, and all of it, was in the case for the jury's consideration. It was the jury's duty to consider the testimony of each of the character witnesses in its entirety in order to determine the weight to be given it. It was their duty to consider the facts brought out on the cross-examination as well as those adduced on the direct examination, in order to determine whether the prosecution had established the evil character of defendant's general reputation for truth, honesty, or integrity. And if, after such consideration, the jury believed defendant's reputation to be bad, they were at liberty to take that. fact into consideration in determining the weight to be given his testimony. The jury's duty thus to consider the evidence accords precisely with that enjoined upon them by the court's instruction to the effect that a witness of an adverse party may be impeached by contradictory evidence or by evidence that his general reputation for truth, honesty, or integrity is bad. See *Steeples* v. *Newton,* 7 Or. 110, [33 Am. Rep. 705], where the court upheld an instruction to the effect that evidence of misunderstandings that the impeached witness had had with his neighbors, if brought out on the cross-examination of the impeaching witnesses, may be considered by the jury as affecting the credibility of the impeached witness. Moreover, even if we should concede, though we do not, that it was error to refuse an instruction in the form requested by defendant, nevertheless the evidence in this case is of such a character that it satisfies us that no miscarriage of justice could result; and unless, after reading the evidence, this court shall be of the opinion that a miscarriage of justice has been caused by any error in giving or refusing instructions, the judgment cannot be set aside. (Const., art. VI, sec. 4½.)

Complaint is made of the court's refusal to give two other instructions requested by defendant. The subject matter of each of these was completely and correctly covered in the court's charge to the jury, who were clearly advised upon all the principles of law pertinent to the charge set forth in the information. The trial court, therefore, did not err in refusing to give the requested instructions.

The judgment and order are affirmed.

Works, J., and Craig, J., concurred.