STATE OF IOWA v. FRANK BRUMO, Appellant.

**Criminal law:** DYING DECLARATIONS. Statements made in the firm
1 conviction of impending death are admissible in evidence as dying declarations; and when so made the length of time elapsing between the declarations and death is immaterial.

**Same:** MURDER: EVIDENCE. One who inflicts a wound from which
2 death ensues is guilty of homicide, although if properly treated it would not have proved fatal; and evidence that it was not necessarily fatal is not admissible.

**Same:** PROVOCATION: MITIGATION OF OFFENSE. Abusive or insulting
3 language will not justify an assault or constitute sufficient provocation to reduce to manslaughter an offense which would otherwise be murder.

**Same:** NEW TRIAL: NEWLY DISCOVERED EVIDENCE. On a prosecution
4 for murder, alleged newly discovered evidence that decedent was intoxicated at a time and place other and prior to the fatal affray,

will not support a motion for a new trial: And evidence that decedent was of a quarrelsome disposition was immaterial, unless known to defendant at the time of the trouble, and if known he could so testify himself.

*Appeal from Pottawattamie District Court.*—HON. O. D. WHEELER, Judge.

TUESDAY, OCTOBER 17, 1911.

The defendant appeals from a conviction of murder in the second degree.—*Affirmed.*

*Wm. A. Mynster and John Lindt,* for appellant.

*George Cosson,* Attorney General, and *John Fletcher,* Assistant Attorney General, for State.

SHERWIN, C. J.—The defendant stabbed one W. C. Crumpton with an ordinary knife, or a stiletto, on the 8th day of December, and the wound caused death on the 28th of the same month. At the time of the affray Crumpton was a switchman working in the railroad yards at Council Bluffs, and the defendant worked for the same company in the same yards as a track laborer. At the time in question, the defendant was engaged with others in taking snow and ice away from the switches and rails, and Crumpton was engaged in switching in the same part of the yard. There was an altercation between Crumpton, the defendant, and the defendant's cousin, which resulted in Crumpton striking the defendant's cousin with his fist. Immediately after the blow, Crumpton started away from the scene of the trouble, but the defendant followed him some ten or twelve feet, and attacked him with the knife. The physician who attended Crumpton was permitted to relate Crumpton's statement of the transaction to him, made on the day of the occurrence, and only a few hours thereafter, and again

the next morning. The statement was admitted as the dying declaration of Crumpton, and its admissibility is assailed. The facts necessary to a proper understanding of the situation are briefly as follows. The wound was inflicted about 4 o'clock in the afternoon, and Crumpton was immediately taken to the baggage room in the nearby railroad station. The physician reached him there about 5 o'clock, and caused him to be at once taken to the hospital, where the first examination of his wound was made. While the physician was with Crumpton at the hospital that night, Crumpton said to him: "I know I am going to die. I want you to write to my mother." It also appears that at the time the deceased was in fact in a critical condition. The next morning he made substantially the same statement to and request of the physician. Both at night and in the morning Crumpton told the physician what had taken place between the defendant and him. The evidence also shows that Crumpton continued to believe that he would die from the effects of the wound. That his belief was well founded is apparent. The appellant contends that the physician's testimony was incompetent, because of the time that elapsed between the declaration and death.

I.   To make dying declarations admissible, it is necessary to show that such declarations were "made at a time when the declarant expected to soon die." "This must amount to a conviction." "A mere transient or fleeting impression" is not sufficient. If these elements are satisfactorily shown, the time elapsing between the declarations and the death is not material. *State v. Schmidt,* 73 Iowa, 469; *State v. Nash,* 7 Iowa, 347; 1 Greenleaf Evidence 158. That the instant declarations were made "under a sense of impending death" we do not doubt. Deceased had received a mortal wound, and he seems to have fully realized his condition, and was conscious that death could not long be delayed. The testimony of the physician was rightly received. *State v.*

1. CRIMINAL LAW: dying declarations.

*Dennis,* 119 Iowa, 688; *State v. McKnight,* 119 Iowa, 79; *State v. Johnson,* 72 Iowa, 393.

II.  The defendant called medical witnesses to show that the wound he inflicted was not necessarily fatal.  This testimony was rightly rejected.  1 McClain, Crim. Law, section 292.

2. SAME: murder: evidence.

Complaint is made that the fifty-fifth paragraph of the instructions, considered in connection with the fifty-second, fifty-third, and fifty-fourth paragraphs, tended to mislead the jury.  The fifty-fifth paragraph is as follows:  "No mere words, although abusive and insulting, will justify an assault or constitute sufficient provocation to reduce to manslaughter an offense which would otherwise be murder."  The language quoted was approved in *State v. Hockett,* 70 Iowa, 442, and taken in connection with the other paragraphs referred to, it fully stated the law.

3. SAME: provocation: mitigation of offense.

There was no error in refusing a new trial on the ground of newly discovered evidence.  The evidence was to the effect that Crumpton was intoxicated at another place about three hours before the affray, and that he was of a quarrelsome disposition.  Whether he was then intoxicated was immaterial, and whether he was of a quarrelsome disposition was immaterial under this record, unless it was known to the defendant at the time of the trouble, and, if it was true and so known to him, he could have so testified himself, which he did not do.  There was no error in not granting a new trial on account thereof.  *State v. Dimmitt,* 88 Iowa, 552; *State v. Reinheimer,* 109 Iowa, 624.  The instructions relating to dying declarations were in accord with what we have already said on the subject, and were properly given.  It is earnestly contended that the evidence is wholly insufficient to support the verdict, and that a new trial should be ordered.  We have given the evidence a very careful examination, and reach a different conclusion.  We have already

4. SAME: new trial: newly discovered evidence.

stated the controlling facts, and need not repeat them, or go more into the details of the evidence.

The judgment is *affirmed*.