STATE of Iowa, Appellee,

v.

Tommy R. DAGUE, Appellant.

No. 54941.

Supreme Court of Iowa.

March 28, 1973.

Jerald W. Kinnamon and Jon M. Kinnamon, Platt Kinnamon & Kinnamon, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and William G. Faches, County Atty., for appellee.

Heard before MOORE, C. J., and RAWLINGS, REES, REYNOLDSON and McCORMICK, JJ.

McCORMICK, Justice.

Defendant was convicted by jury and sentenced for selling stimulant and depressant drugs in violation of § 203A.3(1), The Code, 1971. He asserts trial court erred in overruling his pretrial motion for change of venue and in instructing on reasonable doubt. We affirm.

I. *The motion for change of venue.* The entire record bearing on defendant's motion for change of venue consists of the motion, four supporting affidavits, and trial court's ruling. Defendant alleged prejudice and excitement against him in Jackson County would prevent a fair trial there. He requested change of venue to Dubuque County.

. In a supporting affidavit defendant alleged there existed rumor of his guilt, general belief in his guilt and substantial prejudice against him in Jackson County. Three residents of Maquoketa in Jackson County gave separate affidavits. Except for their names, the affidavits were identical. They averred defendant could not receive a fair trial in Jackson County because of widespread belief in his guilt and prejudice against him.

The State filed no affidavits in resistance. In its ruling trial court noted the motion was discussed but submitted without oral argument. There is no record of a request by either the State or defendant for additional hearing. Trial court overruled the motion without giving its reason.

Defendant maintains the affidavits must be taken as verities because there were no counter affidavits and no hearing was held. He asserts the motion and affidavits are converted from a *prima facie* to a conclusive showing of grounds for change of venue where they constitute the only record for exercise of trial court discretion. We do not agree.

The movant has the burden to show entitlement to a change of venue. The motion must be decided by the trial court "in the exercise of sound discretion * * * according to the very right of it." § 778.9, The Code. What we said in State v. Loney, 163 N.W.2d 378, 383 (Iowa 1968) is equally applicable here: "We do not approve failure of the State to affirmatively meet the showing made by defendant in this situation. * * * However, such failure does not rob the trial court of its discretion to determine, under the record made, the necessity or advisability of a change of place for trial."

The record does not show what was discussed when the motion was submitted for

ruling. We have no basis to find either side desired further hearing. Certainly, there is no indication defendant was denied the right to present additional evidence or argument.

■ ■ We view the record *de novo* in assessing the evidence to determine whether trial court discretion was abused in refusing a change of venue. The test is whether there is reasonable likelihood defendant could not receive a fair trial in Jackson County. Lloyd v. District Court of Scott County, 201 N.W.2d 720 (Iowa 1972).

The motion and affidavits in this case are couched in general terms. They contain no factual recital. We are given no hint as to the basis of the alleged community excitement and prejudice. No explanation is offered to show how such feelings were aroused in the county. Unlike most of our recent change of venue cases there is no suggestion here of pervasive or prejudicial pretrial publicity.

■ ■ Generalities are permitted in the motion. § 778.6, The Code. Similar generalities are not acceptable in supporting affidavits. The general rule is stated in 22 C.J.S. Criminal Law § 206 at 537–538:

"While technical defects in the affidavits may be disregarded, they must state the facts or grounds for a belief that a fair and impartial trial cannot be had in the county, not mere conclusions; and they must be stated with such definiteness and certainty that the court can determine their sufficiency; and, if facts are stated on information and belief, the sources of information and the grounds of belief must be stated with particularity and certainty."

We recognize that factual recitals will be limited where grounds for the motion are not readily susceptible to detailed factual statement. However, no factual recital was even attempted in the present case. There is nothing in the record to support the conclusions expressed in the motion and affidavits.

Our independent evaluation of the record persuades us trial court's ruling was within the range of permissible discretion.

■ II. *The reasonable doubt instruction.* Trial court used Iowa State Bar Association Uniform Jury Instruction 501.11 to define reasonable doubt for the jury. Defendant complains this instruction vitiated his presumption of innocence by confusing the jury and by requiring justification for acquittal. He first raised this objection in his motion for new trial. For our general view of the uniform instruction see State v. McGranahan, 206 N.W.2d 88, (Iowa 1973), separately filed this date.

We do not reach the merits of defendant's contention because he waived his right to urge it. When given the opportunity to make exceptions to the instructions prior to the time they were read to the jury, his counsel said, "We don't have any objections to the instructions, your honor."

■ The right to attack instructions under Code § 787.3(5) in a motion for new trial is waived by an earlier express disclaimer of exceptions. State v. Hartung, 239 Iowa 414, 423–424, 30 N.W.2d 491, 497 (1948). See also State v. Brown, 172 N.W.2d 152, 156–160 (Iowa 1969), and citations.

Upon review of the entire record we find no reversible error. The case is affirmed.

Affirmed.