**STATE of Iowa, Appellee,**

v.

**Alva HEISDORFFER, Appellant.**

**No. 56003.**

Supreme Court of Iowa.

April 24, 1974.

Vern M. Ball, Bloomfield, for appellant.

Richard C. Turner, Atty. Gen., Thomas D. McGrane, Asst. Atty. Gen., and Samuel O. Erhardt, County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, REES, UHLENHOPP, and McCORMICK, JJ.

UHLENHOPP, Justice.

In this appeal the defendant attempts to raise the point that his trial attorney and the trial court erroneously deprived him of the opportunity of accepting a plea bargain. We will set forth sufficient of the proceedings to show the problem.

The Wapello County Attorney charged defendant Alva Heisdorffer with driving while under the influence of intoxicants, third offense. (Actually, defendant appears to have previously been convicted of such an offense four times.) The case came on for trial on defendant's not-guilty plea, and the parties selected a jury. The jury was temporarily excused, and defendant's trial attorney, Mr. Gene W. Glenn, negotiated an agreement with the county attorney that if defendant would plead guilty, the county attorney would recommend a three-year penitentiary sentence, a bench parole under the supervision of a half-way house, and a revocation of defendant's driver's license for a year.

After defendant's attorney negotiated the agreement, he painstakingly explained its terms to defendant in open court. Then this transpired:

Mr. Glenn: Do you understand those conditions, and you have to answer that you do understand them, yes, or you don't understand them, no. First of all, do you understand those conditions?

Defendant Heisdorffer: You said under the supervision but not say for sure if I had to stay there or what. And I have to take care of my mother.

Mr. Glenn: I didn't say anything more specific than under the supervision of the officials at the half-way house. Now, do you understand that concept of being under the supervision?

Defendant Heisdorffer: If they do like they said they would. I hate like the devil to plead guilty when I am not.

Mr. Glenn: When what?

Defendant Heisdorffer: I hate like the devil to plead guilty when I like to be with my mother and brother. Her health isn't good. She had a cancer operation while back.

Mr. Glenn: Did you say you are not guilty? Did you just say you would hate like the devil to plead guilty when you are not guilty?

Defendant Heisdorffer: Yes, I guess.

Mr. Glenn: Your Honor, in view of the defendant's representation in open Court at this time that he maintains he was not guilty of this charge, I cannot represent his best interest at this time apparently by entering or tendering a plea of guilty. I cannot, after the defendant indicates in open Court and maintains his innocence of this offense, I cannot go further in tendering a plea or recommending he tender a guilty plea.

The Court: I think you are right, Mr. Glenn, in your statements, and I therefore will proceed with the trial, if the County Attorney is ready.

Mr. Erhardt [County Attorney]: Ready, Your Honor.

The prosecutor then put in his case, which took the forenoon.

After lunch the parties again appeared before the trial court and defendant's attorney stated defendant desired to withdraw his not-guilty plea and plead guilty. Defendant's attorney thereupon thoroughly questioned defendant about the whole matter, including the matters required by State v. Sisco, 169 N.W.2d 542 (Iowa). He started by asking:

Mr. Glenn: Alva, you heard my statement this morning of the several points that the County Attorney stated—I stated and the County Attorney agreed would be his recommendation to the Court if you plead guilty. You remember those? . . .

Defendant Heisdorffer: Yes.

Defendant's attorney then inquired if defendant understood that he was entitled to have his trial completed and have the jury decide the issue, that he was not required to plead guilty and his plea was his own decision, and that if he pleaded guilty he was pleading guilty to third offense OMVUI. Defendant's attorney also asked if defendant knew the maximum penalty. Defendant answered all of the questions in the affirmative. Then this occurred:

Mr. Glenn: Well now, after having asked you all these questions, do you at this time want to plead guilty as charged?

Defendant Heisdorffer: Plead guilty after—

Mr. Glenn: If you want to repeat it, repeat what you said.

Defendant Heisdorffer: After drinking beer in the same afternoon.

Mr. Glenn: What you want to do is question whether you plead guilty to this charge, this offense, or not. You plead guilty as charged. And I just went through everything you have been charged with. Do you wish to plead guilty as charged?

Defendant Heisdorffer: (Side to side nod.)

Mr. Glenn: Let the record show—pardon?

Defendant Heisdorffer: I don't believe.

Mr. Glenn: Let the record show the defendant indicated no by a negative shake of the head, Your Honor.

The Court: We will proceed.

Mr. Glenn: We are prepared to proceed.

The trial court then called in the jury and proceeded with trial. The jury found defendant guilty as charged and the court sentenced him to two years in the penitentiary. Defendant appealed.

■ In this court defendant raises the sole question of whether his trial attorney and the trial court erroneously prevented him from exercising his right to plead guilty notwithstanding his protest of innocence. A defendant may plead guilty if he believes such plea is to his advantage although he thinks he is not guilty, at least, when as here the record discloses strong evidence of guilt. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162; see State v. Quinn, 197 N.W.2d 624 (Iowa); State v. Kaufman, 51 Iowa 578, 580, 2 N.W. 275, 276 ("He [the defendant] must be permitted to judge for himself in this respect.").

■ The question defendant seeks to raise might be presented if we had only the proceedings in the forenoon. But the matter was taken up again after lunch and defendant's attorney again went over the

entire matter with defendant without any qualification that defendant could not plead guilty if he protested innocence. After the full explanation, defendant decided not to plead guilty, and the record contains no indication the trial court would not have accepted a guilty plea had one been tendered.

The point defendant attempts to raise is not presented by the record.

Affirmed.