**Ethel Gene COLEMAN, Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 2–56923.

Supreme Court of Iowa.

Oct. 16, 1974.

Gene W. Glenn, Ottumwa, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., and Samuel O. Erhardt, County Atty., for appellee.

Heard before MOORE, C. J., and REES, UHLENHOPP, HARRIS and McCOR-MICK, JJ.

HARRIS, Justice.

Two indictments were brought against Ethel Gene Coleman (petitioner) resulting from acts claimed to have occurred February 1, 1968. A charge of robbery with aggravation resulted in a jury conviction and subsequent 25 year sentence. Defendant thereafter entered a guilty plea to a separate charge of rape and was sentenced to a concurrent 25 year term. Nearly five years later petitioner brought this postconviction proceeding claiming errors in both cases. We affirm.

Taking the evidence offered at trial in 1968 in the light most consistent with the verdict it was shown a lady, with her baby, was about to enter her car parked in the driveway of her home. Petitioner accosted her, displayed a knife, and forcibly entered the car. He then ordered the victim to drive about a rural area on roads apparently selected at random. Petitioner several times threatened his victim. At one point he said, "[y]ou do as I say or I will kill you and that baby." At another point he said: "I will cut your guts out and I will cut your baby's guts out and I will cut the baby's head off."

During a part of the time an accomplice of the petitioner was also in the car but left prior to the time petitioner forced his victim to drive to a secluded spot. At the spot petitioner took his victim from the car, directed her to place her baby on a towel he placed on the ground, forced removal of her clothing and raped her. After returning to the car it became stuck and petitioner left.

Petitioner was indicted, tried and convicted of robbery with aggravation in violation of § 711.2, The Code, as a result of commandeering the victim's family car. Several of his complaints stem from admission of evidence of rape in the robbery with aggravation trial. He also complains of overruling his motion for change of venue for a sanity hearing. He complains further of a failure to comply with our court rule which requires the sentencing judge to advise of appeal rights.

Following the robbery with aggravation trial petitioner entered a guilty plea to rape in violation of § 698.1, The Code. He claims the plea should not have been accepted and believes he had inadequate counsel.

I. On July 10, 1967 we adopted court rule 15.1 which requires a trial court, immediately after imposing criminal sentence, to advise the defendant of his appeal rights. The rule specifies the trial court must inform of the right of indigents to apply for appointment of counsel and for furnishing of transcript and printing costs at public expense. See §§ 775.5 and 793.8, The Code.

Petitioner was sentenced on both charges October 7, 1968. The trial court advised him generally of his appeal rights but omitted informing him of the right to pursue such an appeal at public expense. On the record the trial court referred petitioner to his counsel expressing the expectation counsel would explain appellate procedure to him.

At the postconviction proceeding the State offered affidavits of petitioner's trial counsel asserting they informed him his appeal could be undertaken at public expense. Petitioner testified he had not been so informed.

We need not resolve the conflict. Neither need we decide whether a failure to comply with rule 15.1 can be ignored when actual knowledge of appeal rights is shown. Petitioner's counsel conceded upon oral submission of this appeal he raised in this proceeding and appeal every question which might have been presented on direct appeal.

■ Under the peculiar circumstances stemming from failure to fully comply with rule 15.1 we treat this appeal also as a delayed appeal of the original conviction and plea. It is unaffected by factual findings of the trial court in the postconviction proceeding below. Only legal questions are presented. We reject petitioner's suggestion his conviction should be set aside by reason of noncompliance with rule 15.1 because he is in no way prejudiced.

II. Before and during petitioner's trial for robbery with aggravation he sought to exclude evidence of rape. A motion in limine to exclude this evidence was overruled. Testimony of the rape was objected to when offered. Finally, petitioner moved for mistrial because of its admission. Although petitioner separately raises the rulings admitting rape testimony we consider them together. We believe the evidence of rape was properly admitted.

We recently had occasion to consider admissibility of rape testimony in a trial for another crime in State v. Garren, 220 N.W.2d 898 (Iowa 1974). We said:

"* * * [E]vents and circumstances which immediately surround an offense may be shown even though they may incidentally show commission of another crime."

■ On occasion each of two criminial acts are inseparable parts of a whole deed so that proof of one tends to prove the other. In such a case evidence of either criminal act is admissible upon trial for the other. State v. Lyons, 210 N.W.2d 543, 546 (Iowa 1973).

■ We believe the rape and robbery with aggravation were inseparable parts of the whole deed so related that proof of one tended to prove the other.

Petitioner's trial counsel could not escape the interrelationship of the two crimes even after he had sought repeatedly to exclude rape evidence. At time of sentence, trial counsel was invited to speak in behalf of petitioner. He began his remarks with the concession: "It is hard to talk about one without the other and you may consider my statements in both." We agree. The intention to perpetrate a rape may well have been petitioner's motive in robbing his victim of the family car. There was no error in admitting evidence of rape upon petitioner's trial for robbery with aggravation.

■ III. Petitioner believes his plea of guilty should not have been accepted. He

shows the proceedings upon his plea did not comply with the standards later adopted in State v. Sisco, 169 N.W.2d 542 (Iowa 1969). He specifically complains of the acceptance of the plea in view of his simultaneous profession of innocence.

In a number of cases, beginning with State v. Vantrump, 170 N.W.2d 453, 454 (Iowa 1969), we held Sisco guidelines should not be applied retrospectively. Under the standards existing prior to our Sisco holding there was nothing in the proceedings at which the guilty plea was entered offensive to due process. Pre-Sisco standards even tolerated variations from the statutory procedure prescribed in § 777.12, The Code. Herold v. Haugh, 259 Iowa 667, 145 N.W.2d 657; Parrott v. Haugh, 158 N.W.2d 766 (Iowa 1968). We reject petitioner's complaint he was not sufficiently advised of his rights and that the record insufficiently shows his plea was knowingly and voluntarily entered.

■ Another of petitioner's arguments would not avail even under Sisco standards. After pleading guilty, but before he was sentenced, petitioner stated his victim invited him to engage in the act of sexual intercourse. He claims this equivocation should have prevented acceptance of his plea. However we recently held " * * * [a] defendant may plead guilty if he believes such plea is to his advantage although he thinks he is not guilty, at least, when as here the record discloses strong evidence of guilt. (Authorities). * * *." State v. Heisdorffer, 217 N.W.2d 627, 629 (Iowa 1974).

Following the jury verdict in the first case petitioner had good reason to believe his conviction of rape was likely. He could profit from having his two sentences run concurrently. It was not error to accept his plea.

IV. A question arose of petitioner's sanity so as to require a trial on the issue of his mental competence to stand trial. The sanity trial took place in the county where the events leading to his arrest occurred. See chapter 783, The Code. Prior to the sanity trial he filed three motions for change of venue, all of which were overruled. His motion for change of venue of the trial for robbery with aggravation was later sustained. Petitioner now claims the denial of his motion for change of venue of his sanity trial was in error. We disagree.

■■ The motions filed in no way conformed with the specificity requirements set out in State v. Dague, 206 N.W.2d 93, 95 (Iowa 1973). The motion itself may state in general terms the belief that a fair trial is not possible in the county where the action is pending. The supporting affidavits, however, must be more specific. In Dague, at page 95, we approved the following:

"While technical defects in the affidavits may be disregarded they must state the facts or grounds for a belief that a fair and impartial trial cannot be had in the county, not mere conclusions; and they must be stated with such definiteness and certainty that the court can determine their sufficiency; and, if facts are stated on information and belief, the sources of information and the grounds of belief must be stated with particularity and certainty." 22 C.J.S. Criminal Law § 206, pages 537–538. See State v. Dague, supra, 206 N.W.2d at 95 and Sullins, Preservation of Error: Providing a Basis for Appellate Review, 22 Drake L.Rev. 435, 443.

The affidavits attached to the various motions for change of venue without exception stated mere conclusions the affiant, on the basis of wide acquaintanceship throughout the county, believed the petitioner could not receive a fair and impartial trial in the county because of excitement and resentment engendered against him. Two unauthenticated newspaper clippings were also attached to the motions. But we are bound, on the basis of our holding in State v. Dague, supra, to hold the conclusions expressed in the motion and affidavits are not supported in the record.

V. Finally petitioner claims he was represented by inadequate counsel. This claim

proceeds from petitioner's views of the legal questions we have considered in earlier divisions of this opinion. Since we have rejected those views the claim of inadequate counsel falls. We find nothing in the record which would cause us to believe the petitioner has, at any stage during his trial, or any proceedings, or appeal been represented by less than competent and experienced counsel.

Affirmed.