STATE of Iowa, Appellee,

v.

Everett Lee JACKSON, Appellant.

No. 56561.

Supreme Court of Iowa.

Nov. 13, 1974.

Philip F. Miller, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., David M. Dryer, Asst. Atty. Gen., Ray A. Fenton, County Atty., and James D. McKeon, Asst. County Atty., for appellee.

Heard by MOORE, C. J., and RAWLINGS, LeGRAND, REES and HARRIS, JJ.

REES, Justice.

Defendant was charged by indictment with the crime of murder in violation of §§ 690.1 and 690.2, The Code, 1971. He was found guilty of murder in the second degree, and subsequently filed post verdict motions in arrest of judgment and for new trial, which were overruled. Defendant was then sentenced, and now appeals. We affirm.

At about 10:30 p. m. on October 7, 1972 defendant became embroiled in an argument with his wife, Valerie Jackson, at their residence in the Hillside Motel in Des Moines. Two of Valerie's children by a prior marriage became concerned and called Elbert McDonald (Valerie's son) and Michael Dean Bucklin. Elbert and Bucklin arrived on the scene shortly thereafter, and the argument became rather heated, involving defendant, Valerie, McDonald and Bucklin. McDonald told Bucklin to go to McDonald's home and bring back a double-barreled 12-gauge shotgun. Bucklin returned shortly, confronted defendant with the shotgun and threatened to "blow his brains out".

McDonald then talked to his mother, Valerie Jackson, and Bucklin broke down the shotgun, removing the forearm and stock from the barrel, and placed the gun in the automobile in which he and McDonald had arrived at the scene. Shortly thereafter, Bucklin and McDonald returned to their car, accompanied by some of the girls who had been at the Hillside Motel (some related to Mrs. Jackson, and others mere acquaintances), and were about to leave when defendant called for them to stop. Bucklin then got out of the car, unarmed, and moved toward the defendant. When they were within about ten feet of each other, defendant shot Bucklin in the stomach. Bucklin was subsequently taken to the hospital by ambulance, where he underwent surgery, and died the following morning.

Defendant claims two errors which he contends require reversal:

(1) Trial court erred in overruling defendant's complaints to instruction 20, a self-defense instruction, first urged in defendant's motion in arrest of judgment and for new trial.

(2) Trial court erred in overruling defendant's motion in arrest of judgment and for new trial on the grounds he was denied a fair trial because of newly-discovered evidence and the false or mistaken testimony of a prosecution witness.

I. In his first assignment defendant relies on § 787.3(5), The Code, 1971, which provides that a new trial may be granted "when the court has misdirected the jury in a material matter of law". We deem it unnecessary to unduly extend this opinion by setting out in full instruction 20, which defendant complains of; suffice it to say instruction 20 is a verbatim recitation of Uniform Jury Instruction No. 513.32 relating to the defense of self-defense in homicide cases.

■ The general rule is that failure of a defendant in a criminal case to make objections to instructions under rule 196, Rules of Civil Procedure (i. e., before they are submitted in final form to the jury), does not preclude defendant from making objections thereto in a motion for new trial under § 787.3, The Code, subject to the two exceptions noted in State v. Brown, 172 N.W.2d 152, 157 (Iowa 1969). See also State v. Anderson, 240 Iowa 1090, 1092–1093, 38 N.W.2d 662, 663, and citations.

■ The general rule above referred to is subject to the foregoing significant exceptions. One of the exceptions is that the

right to attack instructions in a motion for new trial under § 787.3(5), The Code is waived by an earlier express disclaimer of exceptions. State v. Brown, *supra*; State v. Smith, 215 N.W.2d 225, 227 (Iowa 1974); State v. Dague, 206 N.W.2d 93, 95 (Iowa 1973); State v. Hartung, 239 Iowa 414, 424, 30 N.W.2d 491, 497.

The record discloses that when the preliminary draft of instructions was furnished counsel for the State and defendant in the instant case, counsel for the defendant made several objections to instruction 20. After considering those objections, the court apparently revised the instruction somewhat and it appeared in the final draft of instructions in a form identical to the Uniform Jury Instruction No. 513.32. When the final draft of instructions was submitted to counsel, the record reveals the following colloquy took place:

"COURT: Very well, does the defendant have any objections or exceptions to the statement of issues and instructions as submitted in final form?

"MR. OLIVER: * * * (t)he defendant has no objections and exceptions to the instructions in their final draft."

We hold the statement of defendant's counsel in response to the trial court's inquiry set out above constituted an express disclaimer of exceptions to instruction 20. It necessarily follows defendant waived his right to attack the instruction later in his motion for new trial, and as a result no error with respect to the giving of instruction 20 was properly preserved for review. State v. Smith, *supra*; State v. Dague, *supra*.

The express waiver of exceptions is, in our judgment, completely dispositive of defendant's first assignment of error. Nonetheless, we deem it proper to touch briefly on the merits of defendant's objection to instruction 20. Instruction 20 appears to be based largely on self-defense instructions passed on by this court in several Iowa cases. See State v. Sipes, 202 Iowa 173, 209 N.W. 458; State v. Baratta, 242 Iowa 1308, 49 N.W.2d 866.

Defendant's primary objection to the instruction lies in his contention it assumes an actual assault must take place before a person can take the life of another in self-defense. Basically, he argues the instruction did not adequately advise the jury a defendant might act upon the *apparent* rather than the *real* danger to which he was exposed.

Defendant's contention in this regard is without merit. Instruction 20 comports with the law of self-defense developed in this jurisdiction. The instruction does in fact indicate a defendant may act on "apparent danger" and does not improperly suggest, as contended by defendant, the use of force by a defendant is justified only when he is the object of an actual assault by his victim. All of the Iowa cases relied upon by defendant in support of his position to the contrary involved self-defense instructions materially distinguishable from instruction 20.

We find no merit in defendant's first assignment of error.

II. In his second assignment of error defendant contends trial court erred in overruling his motion in arrest of judgment and for new trial because he was denied a fair trial in view of evidence newly-discovered after the jury returned its verdict. Defendant here relies on § 787.3(8), The Code, 1971, which provides a new trial may be granted "when from any other cause (not specifically defined in the preceding sections of 787.3) the defendant has not received a fair and impartial trial."

Defendant claims the affidavits of Mary McNeley, Dr. Robert Connair and Dr. James C. Mooney, attached to his motion for new trial and referred to therein, constitute newly-discovered evidence warranting a new trial under § 787.3(8), The Code. The central question for our review then, is whether the information contained in the affidavits constitutes newly-discovered evidence sufficiently material to show defend-

ant was denied a fair trial so that it can be said trial court abused its discretion in overruling his motion for new trial.

Before we turn to a consideration of the content of the affidavits, we note this court has long recognized the broad discretion vested in trial courts in passing on motions for new trial based upon newly-discovered evidence, and that such motions are not favored in the law and should be closely scrutinized and sparingly granted. State v. Carter, 158 N.W.2d 651, 656 (Iowa 1968); State v. Compiano, 261 Iowa 509, 516, 154 N.W.2d 845, 849. The underlying rationale for that position is our recognition trial courts are generally in a better position than the reviewing court to determine whether evidence, newly-discovered, would probably lead to a different verdict on retrial. Consequently, we have taken the position " * * * findings on conflicting evidence by trial courts on motions for new trial based on newly discovered evidence [should] remain undisturbed except for most extraordinary circumstances * * ", and this court will not interfere with the trial court's ruling on such a motion unless it is reasonably clear the court abused its discretion. United States v. Johnson, 327 U.S. 106, 111, 66 S.Ct. 464, 466, 90 L.Ed. 562, 565; State v. Compiano, supra, 154 N.W.2d at 849; State v. Carter, supra, 158 N.W.2d at 655.

We have consistently held a defendant must make the following showing in order to establish a new trial is warranted on the basis of newly-discovered evidence:

1) The evidence was discovered following trial and before judgment.

2) It was not such as could have been discovered before the conclusion of the trial in the exercise of due diligence.

3) It must be material to the issue, not merely cumulative or impeaching, and

4) Such evidence will probably change the result if a new trial is granted.

State v. Compiano, supra, 154 N.W.2d at 850, and citations.

While a fair argument could probably be made the "new information" contained in the affidavits in question could have been discovered before the trial ended had due diligence been exercised, we believe the defendant's second assignment of error must fall because he has failed to satisfy the fourth requirement set out above, i. e., he has failed to show the information set out in the affidavits, if adduced from witnesses on retrial, would probably change the result were a new trial granted.

The information set out in the affidavits of Dr. Mooney and Dr. Connair refers only to the fact the victim, Michael Dean Bucklin, was given blood transfusions at the hospital after the shooting which were incompatible with his blood type, and that in the opinion of the doctors such transfusions may have been a contributing factor in causing his death. Neither doctor claims in his affidavit death would not have resulted had the incompatible blood transfusions not been given the victim.

It is incumbent on defendant to establish the newly-discovered evidence was of such nature as would "probably change the result" reached in his first trial. State v. Compiano, supra. A very real question presents itself as to whether the information set out in the affidavits of Dr. Mooney and Dr. Connair would have been admissible at trial on the issue of defendant's culpability for the slaying of Michael Dean Bucklin. See State v. Brumo, 153 Iowa 7, 132 N.W. 817; State v. Pell, 140 Iowa 655, 665, 119 N.W. 154, 158.

In suggesting the information set out in the affidavits of the doctors would probably change the result reached below, defendant misapprehends the concept of causation in the crime of homicide. "The question is not what would have happened, but what did happen." Beale, The Proximate Consequences of an Act, 33 Harv.L. Rev. 633, 638 (1920). An injury is the proximate cause of resulting death although the deceased would have recovered had he been

treated by the most approved surgical methods or by more skillful methods, or with more prudent care. State v. Edgerton, 100 Iowa 63, 69 N.W. 280. See also State v. McClain, 256 Iowa 175, 189, 125 N.W.2d 764, 772, where this court said (citing State v. Edgerton):

"It is well established that negligent treatment or neglect of an injury will not excuse a wrongdoer unless the treatment or neglect was the *sole* cause of death." (Emphasis supplied).

The remaining question with regard to defendant's second assignment of error is whether the post-trial affidavit of Mary McNeley constitutes newly-discovered evidence sufficiently material to justify a new trial. Ms. McNeley testified at trial, and defendant maintained her affidavit establishes her testimony was either false, half-truthful or mistaken.

After comparing Ms. McNeley's affidavit with her testimony at trial, we conclude defendant overemphasizes or exaggerates the discrepancies, if any, between her trial testimony and her affidavit. While there is admittedly some variance in her recollection of the events that happened, it is essentially a variance of relatively immaterial detail. Her affidavit might more accurately be described as an elaboration upon or amplification of her trial testimony, not a recantation of or departure from same.

Even if we assumed arguendo Ms. McNeley's affidavit shows her trial testimony to be false or mistaken, it does not necessarily follow a new trial is warranted. Trial court is vested with considerable discretion and we will not interfere with its exercise thereof in ruling on a new trial motion grounded on a claim of false or mistaken testimony unless we are satisfied a jury might reach a different conclusion without the allegedly mistaken testimony. State v. Thompson, 241 Iowa 16, 29, 39 N.W.2d 637, 645; State v. Compiano, *supra*, at 848.

■ The general rule is a witness' recantation should be looked upon with utmost suspicion. See Harrison v. United States, 7 F.2d 259, 262 (2d Cir.); Newman v. United States, 238 F.2d 861 (5 Cir.).

We are satisfied the trial court acted within its discretion in overruling defendant's motion for a new trial after having considered the affidavit of Ms. McNeley.

We find no reversible error in the record and affirm the trial court.

Affirmed.