# IN THE COURT OF APPEALS OF IOWA

No. 16-1375
Filed May 3, 2017

**HAYES ELBERT BAKER III,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, John D. Ackerman, Judge.

Hayes Baker III appeals the district court's summary disposition of his second postconviction-relief action. **AFFIRMED.**

Matthew R. Metzgar of Rhinehart Law, P.C., Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

Hayes Baker III appeals the district court's summary disposition of his second postconviction relief (PCR) action. Baker did not file his application within the three-year statute of limitations as provided in Iowa Code section 822.3 (2015). He contends the statute of limitations bar does not apply because of newly discovered evidence. We affirm the decision of the district court.

In 2010, Baker was convicted of attempted burglary, burglary, assault, theft, domestic abuse assault, and possession of marijuana. His convictions were affirmed on appeal. *State v. Baker*, No. 10-2093, 2012 WL 170181, at *2 (Iowa Ct. App. Jan. 19, 2012). Procedendo issued March 20, 2012.

Baker filed his first postconviction-relief action on April 18, 2012. He asserted his trial counsel was ineffective by, among other things, failing to call witnesses for his "permission" defense. The PCR court denied Baker's application, and this court affirmed on appeal. *Baker v. State*, No. 13-1387, 2014 WL 2885039, at *3 (Iowa Ct. App. June 25, 2014). Procedendo issued July 24, 2014.

Baker filed the present postconviction-relief action, his second, on August 21, 2015. He claims in his pro se application that, "There exists evidence of material facts, not previously presented or heard that required vacation of the conviction or sentence in the interest of justice." *See* Iowa Code § 822.2(1)(d). Specifically, he alleges, "My mental state was deteriorated, my lawyer failed to detect this, my PCR also failed to address this." As regarding the facts supporting his application, Baker states: "My behavior during and before trial, my demands and inconsistent behavior before my trial, refusing to meet with my

counsel." The State moved for summary disposition, contending Baker's application was: (1) barred by the statute of limitations under section 822.3; (2) barred as repetitive under section 822.8; and (3) barred by claim preclusion. Baker resisted but did not dispute any of the facts set out in the State's motion, nor did Baker attach any affidavits. After a hearing, the PCR court granted the State's motion, finding:

> There is no affidavit by the applicant (or any other person) which states that because of his medical condition he was (1) unable to communicate with his attorney regarding the case because of his condition; (2) unable to appreciate the charges due to his condition; or (3) unable to understand the proceedings. Having a mental illness by itself is not sufficient to generate a jury question on the issue of competency.
>
> In addition there is no affidavit by [Baker] or anyone else that he was unable to discover in the exercise of due diligence his alleged incompetency at trial within three years of March 22, 2012.[1]
>
> In fact, [Baker] filed his first PCR twenty-seven days after the issuance of procedendo. He alleged in his first PCR petition that his trial counsel was ineffective for failure to interview and call certain persons as witnesses at trial who could allegedly testify that [Baker] had permission to enter the subject residence. [Baker] had already been through the appeal of his criminal conviction.
>
> On August 28, 2014, [Baker] testified at trial by phone wherein he discussed his claim that he gave his trial counsel the names of the prospective witnesses. Baker also testified that [trial counsel] only met with him one time prior to trial. The court denied [Baker]'s claim and found [Baker]'s testimony not to be credible. The court of appeals affirmed the trial court's ruling.
>
> Nor did [Baker] submit any affidavits or set forth facts that would indicate that he was not able to address and assist his trial and appellate counsel in the first PCR.
>
> The court finds and concludes that [Baker], through his filings, has failed to create an issue of fact that he was not competent at the trial of his criminal matter and that he was unable to discern his alleged lack of competence within three years of procedendo issuing in the criminal matter.

---

[1] The record indicates procedendo was issued March 20, 2012.

Applications for postconviction relief are normally reviewed for corrections of errors at law unless they raise constitutional issues. *See Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012). A postconviction action based on newly discovered evidence is reviewed for corrections of errors at law. *See More v. State*, 880 N.W.2d 487, 498 (Iowa 2016). Summary dismissals of applications for postconviction relief are also reviewed for errors at law. *See Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).

There is no question that Baker failed to file his application within three years of the first procedendo, nor did he raise his current claim in his first PCR application. He asserts he may avoid the statute of limitations bar because of newly discovered evidence.

> In order to prevail in a PCR action because of newly discovered evidence, the applicant must show
> > (1) that the evidence was discovered after the verdict; (2) that it could not have been discovered earlier in the exercise of due diligence; (3) that the evidence is material to the issues in the case and not merely cumulative or impeaching; and (4) that the evidence probably would have changed the result of the trial.
>
> *Jones v. State*, 479 N.W.2d 265, 274 (Iowa 1991); *accord Harrington*[ *v. State*], 659 N.W.2d [509,] 516 [(Iowa 2003)]; *State v. Smith*, 573 N.W.2d 14, 21 (Iowa 1997). The standard for whether the evidence probably would have changed the result of the trial is a high one because of the interest in bringing finality to criminal litigation. *See Jones v. Scurr*, 316 N.W.2d 905, 910 (Iowa 1982) (explaining that courts look with disfavor on motions for new trials based on newly discovered evidence because they "upset an end to litigation"); *State v. Jackson*, 223 N.W.2d 229, 233 (Iowa 1974) (holding motions for a new trial based on newly discovered evidence "are not favored in the law and should be closely scrutinized and sparingly granted").

*More*, 880 N.W.2d at 499.

Baker contends he "filed the present postconviction proceeding asserting that there was a material fact not previously presented or heard that requires vacation of his conviction, namely that [he] was suffering a mental impairment at the time of trial which prohibited [him] from assisting in his defense." The PCR court concluded, "Baker, through his filings, had failed to create an issue of fact that he was not competent at the trial of his criminal matter and that he was unable to discern his alleged lack of competence within three years of the procedendo in the criminal matter." It is telling that Baker does not allege the evidence supporting his claim was discovered after the verdict and could not have been discovered earlier in the exercise of due diligence. In his feeble attempt to hurdle the statute-of-limitations bar, Baker merely contends, "Should [he] be able to show at trial that he was not competent and that said incompetence continued for any significant period of time, then he cannot be held to have missed the statute of limitations."

Summary disposition of a PCR action is analogous to summary judgment. *See Manning v. State*, 654 N.W.2d 555, 559 (Iowa 2002). "In determining whether summary judgment is warranted, the moving party has the burden of proving the material facts are undisputed." *Castro*, 795 N.W.2d at 792. Our rules of summary judgment do not permit the nonmoving party to rest on conclusory allegations in the pleadings in the face of a properly supported motion for summary judgment. *See* Iowa R. Civ. P. 1.981(5) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in the pleadings . . . . "). Conclusory allegations, conjecture, supposition, and speculation form the

foundation of Baker's argument. This is wholly insufficient to counter the State's motion for summary disposition.

Furthermore, Baker's allegations fly in the face of the record. Baker underwent a competency examination prior to his criminal trial. The Iowa Medical and Classification Center's report concluded: "In summary, Mr. Baker currently exhibits a rational and factual understanding of the charges and proceedings pending against him and has sufficient present ability to assist his attorney in the preparation of a defense should he so choose." After a hearing, the trial court found,

> Mr. Baker has written letters to the court indicating that he feels he is doing very well on his current medication. His [personal] psychiatrist has communicated to [Baker's trial counsel] that he feels Mr. Baker is competent to stand trial and able to assist counsel, and the evaluation completed by the Medical and Classification Center also agrees.

The trial court found Baker competent to stand trial.

Baker's PCR application borders on frivolous. In an understatement, the PCR court concluded,

> The court finds and concludes that [Baker], through his filings, has failed to create an issue of fact that he was not competent at the trial of his criminal matter and that he was unable to discern his alleged lack of competence within three years of procedendo issuing in the criminal matter.

We whole-heartedly agree and therefore affirm the district court's grant of the State's motion for summary disposition and dismissal of Baker's application.

**AFFIRMED.**