[Crim. No. 702.   Department One. — May 25, 1901.]

## THE PEOPLE, Respondent, v. GEORGE ROWELL, Appellant.

CRIMINAL LAW — BURGLARY — EVIDENCE — COMPARISON OF TRACKS WITH DEFENDANT'S SHOES — WEIGHT OF EVIDENCE — PROVINCE OF JURY. — Evidence of the similarity in tracks found near the scene of a burglary, compared with the shoes of the defendant charged therewith, is admissible against him, regardless of the evidence of another witness, that a man was seen hastening from the scene of the crime, and of the objection that the tracks to which the shoes fitted were not those made by the person so seen. The objection does not go to the competency of the evidence, but only to its weight, of which the jury is the exclusive judge.

ID. — APPEARANCE OF DEFENDANT AT TIME OF COMPARISON. — Evidence is admissible to show the appearance of the defendant at the time when the comparison was made in his presence between the tracks and his shoes.

ID. — ADMISSION OF CANE FOUND IN HOUSE. — Where a cane, found in the house in which the burglary was committed, is sufficiently identified as having been in the defendant's possession shortly prior to the burglary, the cane is admissible in evidence against him.

ID. — MISCONDUCT OF JUROR — VISITING SALOON — CLAIM OF ALIBI — DEFENDANT NOT PREJUDICED. — The defendant cannot be prejudiced by the alleged misconduct of a juror during the trial, in merely visiting a public saloon, in which defendant claimed that he was present at the time when the crime was committed, in another part of the city, aside from the fact that the juror made affidavit that he went there for lawful purposes.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

W. H. Shinn, Zue G. Peck, M. E. C. Munday, and E. E. Rowell, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

GAROUTTE, J. — Defendant has been convicted of the crime of burglary, and appeals to this court. Some intimations are made to the effect that the evidence is insufficient to support the verdict, but after a careful reading of it, the court is entirely satisfied with the verdict rendered.

A witness testified that she saw a man, soon after the burglary, running from the house burglarized. A second witness testified that, in the presence of the defendant, he placed defendant's shoes in certain tracks which he found near the scene of the burglary, and that the shoes fitted those tracks. The objection was made that the tracks to which the shoes were fitted were not those made by the person to whom the first witness referred. This objection goes to the weight of the evidence, and in no way to its competency. If tracks near the scene of the crime compared with defendant's shoes, it was some evidence tending to show that defendant was there when the crime was committed. The weight of the evidence would be dependent upon a hundred different circumstances, and the particular weight to be given to it was for the jury alone to determine. The court sees no reason why the evidence of

similarity in the tracks, when compared with defendant's shoes, would not have been admissible, regardless of the evidence of the first witness, to the effect that she saw a man hastening away from the scene of the crime.

We see no error in the admission of evidence as to the appearance of defendant when the tracks and his shoes were compared, or when he was brought before the prosecuting witness for identification. This character of evidence has always been held admissible. The identification of the cane found in the house, as being the cane seen in the possession of the defendant shortly prior to the commission of the crime, was amply sufficient to justify its admission in evidence. Misconduct of the juror Stein in visiting a certain saloon during the progress of the trial is claimed to have amounted to error. Defendant's evidence tended to show an *alibi,* to the effect that he was in this saloon-building at the time the crime was committed, in another portion of the city. Stein made affidavit that he went to this saloon for lawful purposes; but, aside from that fact, it would seem that the mere circumstance of a juror visiting a public place of business, only material to the case by reason of defendant's claim that he was there when the crime was committed, in another portion of the city, could not possibly affect defendant prejudicially.

There are a few other objections made to the admission of evidence, but we find the rulings of the court thereon to be sound. Also, the action of the court in giving and refusing certain instructions of which complaint is here made is without error.

For the foregoing reasons the judgment and order are affirmed.

Van Dyke, J., and Harrison, J., concurred.