*26 CHARGIN, J.,* Dissenting.
I respectfully dissent on the sole issue of the jury misconduct pertaining to the bringing of the maps into the jury room. The majority correctly has cited the rule that a presumption of prejudice arises from any act of jury misconduct. (People v. Honeycutt (1977) 20 Cal.3d 150, 156 [141 Cal.Rptr. 698, 570 P.2d 1050]; People v. Wong Loung (1911) 159 Cal. 520, 528-529 [114 P. 829]; People v. Conkling (1896) 111 Cal. 616, 628 [44 P. 314].) Further, I agree in substance with the majority’s statement that in the instant case the presumption of prejudice would be rebutted if the three critical criteria they have articulated are satisfied (i.e., the jury misconduct in question (1) did not cause an adverse effect on the jury’s function of impartially weighing the evidence, (2) did not lighten the prosecution’s burden of proof and (3) did not contradict an asserted defense).
However, at the hearing on defendant’s motion for a new trial the prosecution failed to produce any evidence in opposition to the undisputed fact of jury misconduct. Because of this lack of evidence the majority looks to the entire record to conclude that the above three critical criteria were satisfied, thus dispelling the presumption of prejudice. It is this manner of dispelling the presumption of prejudice with which I disagree.
The Supreme Court of this state has had before it numerous times cases involving misconduct of jurors of various types. The one thing that is clear from these cases is that once jury misconduct is established the burden is upon the prosecution to prove by evidence that the defendant has not been injured by the jury misconduct.
In People v. Brannigan (1863) 21 Cal. 337 the California Supreme Court stated: “. . . that the burden of proof lay upon the Government to show that the prisoner had not suffered any injury by reason of the separation of the jury, and that in the absence of such proof he was entitled to the benefit of the presumption that the irregularity had been prejudicial to him. ‘The prisoner ... is in such case entitled, as a matter of right, to require, in the first instance, a compliance with the ordinary forms provided by law to secure him a fair and impartial trial; and if the guards provided for his security are neglected, or disregarded, he is at least entitled to require, at the hands of the Government, satisfactory evidence that he has not received detriment by reason of such neglect, . . . He has the right, therefore, to call upon the officers of the Government in such case, before they demand judgment, to show that *27 the irregularity in the trial has not been the means of injustice in the verdict.’ ” (Supra, 21 Cal. at p. 341.)
In People v. Turner (1870) 39 Cal. 370 a new trial was granted on the grounds of jury misconduct. On an appeal by the People the Supreme Court said: “ ‘The evil to be guarded against is improper influence, and when an exposure to such influence is shown, and it is not shown that it failed of effect, then the presumption is against the purity of the verdict.’ [Citations.] [¶] In the present case there seems to have been no effort on the part of the prosecution to rebut the presumption of improper influences exerted upon the juror, . . . Under these circumstances we do not feel authorized to reverse the order of the Court below granting the defendant a new trial.” (Supra, 39 Cal. at pp. 375-376.)
In People v. Stokes (1894) 103 Cal. 193, 198 [37 P. 207], it was explained that if jury misconduct is shown, it is for the prosecution “ ‘to show as a matter of fact’ ” that the misconduct did not influence the verdict. It was said in People v. Conkling (1896) supra, 111 Cal. 616, 628, that “. . . when misconduct of jurors is shown, it is presumed to be injurious to defendant, unless the contrary appears.” Then in People v. Wong Loung (1911) supra, 159 Cal. 520, 527-528, it was stated: “Upon a showing of [jury] misconduct . . . the law presumes prejudice and this presumption cannot be overcome by a counter conclusion based upon a mere conjecture. . . .”
Further, in In re Winchester (1960) 53 Cal.2d 528, 535 [2 Cal.Rptr. 296, 348 P.2d 904], the Supreme Court explained that the “burden” of rebutting the presumption of prejudice arising from jury misconduct “is upon the prosecution.” Recently, in People v. Honeycutt (1977) supra, 20 Cal.3d 150, 156, it was pointed out that “. . . a presumption of prejudice arises from any juror misconduct” and that “. . . the presumption may be rebutted by proof that no prejudice actually resulted.”
In short, judgments have been reversed on appeal where the prosecution has failed to present evidence in rebuttal of the presumption of prejudice arising from jury misconduct (see People v. Conkling, supra, 111 Cal. 616; People v. Brannigan, supra, 21 Cal. 337; People v. Backus (1855) 5 Cal. 275), and an order granting a new trial because of jury misconduct has been affirmed where the prosecution offered no rebuttal evidence to the presumption of prejudice (see People v. Turner, supra, 39 Cal. 370).
*28 Additionally, in Remmer v. United States (1954) 347 U.S. 227, 229 [98 L.Ed. 654, 656, 74 S.Ct. 450, 451], the United States Supreme Court explained that the presumption of prejudice arising from an improper communication with a juror . . is not conclusive, but the burden rests heavily upon the Government to establish, after notice to and hearing of the defendant, that such contact with the juror was harmless to the defendant.”
On the other hand, in cases where a full evidentiary hearing was held on the matter of juror misconduct, including the presentation of evidence rebutting the presumption of prejudice, the convictions were not disturbed on appeal. (See People v. Rowell (1901) 133 Cal. 39, 41 [65 P. 127]; People v. Yee King (1914) 24 Cal.App. 509, 511-513 [141 P. 1047].)
The rationale behind the above mentioned cases is that the presumption of prejudice arising from jury misconduct can only be rebutted by the evidence offered at the hearing on the motion for new trial where the jury misconduct issue is raised. Furthermore, in rebutting a presumption, whether one affecting the burden of producing evidence or one affecting the burden of proof, the Evidence Code requires at a minimum the production of evidence contrary to the presumed fact. (See Cal. Law Revision Com. com. to Evid. Code, § 601, 29B West’s Ann. Evid. Code, §§ 1-699 (1966 ed.) pp. 546-547; Deering’s Ann. Evid. Code, §§ 500-759 (1966 ed.) pp. 165-166; see also Evid. Code, §§ 604, 606.)
In the instant case it is undisputed that the jury engaged in a serious act of misconduct. It is also undisputed that at the hearing on defendant’s motion for new trial, at which the jury misconduct issue was raised, the prosecution failed to present any evidence in opposition to the motion. The presumption of prejudice arising from the jury misconduct went unrebutted; and the motion for new trial should have been granted. On appeal this court, in determining whether the presumption of prejudice associated with jury misconduct has been rebutted, should restrict itself to the evidence, if any, presented at the hearing in the trial court on the jury misconduct issue.
The law creates a presumption of prejudice for jury misconduct because of the difficulties a defendant would have in proving that the misconduct influenced the verdict. (People v. Backus, supra, 5 Cal. 275, 276.) For example, subdivision (a) of section 1150 of the Evidence Code *29 prohibits inquiry into the subjective reasoning processes of the jurors. (Krouse v. Graham (1977) 19 Cal.3d 59, 80 [137 Cal.Rptr. 863, 562 P.2d 1022]; People v. Hutchinson (1969) 71 Cal.2d 342, 349 [78 Cal.Rptr. 196, 455 P.2d 132]; People v. Adame (1973) 36 Cal.App.3d 402, 408, fn. 5 [111 Cal.Rptr. 462].) A rule allowing an appellate court to make a retrospective review of the entire record to rebut the presumption of prejudice arising from jury misconduct, as the majority has done in the instant case, is not consonant with the reasoning behind the rule establishing the presumption of prejudice in the first instance. A retrospective review of the entire record to rebut the presumption of prejudice in effect bypasses the presumption and ignores the rule that it is the prosecution’s burden to present satisfactory evidence which shows as a matter of fact that the jury misconduct complained of did not injure the defendant. Defendant herein after making the undisputed showing of jury misconduct, was entitled to a hearing where the prosecution was obligated to prove with evidence that the jury misconduct in question did not prejudice defendant. Without such a hearing there is no basis in the record from which to conclude that the maps taken into the jury room did not influence the verdict. The prosecution in the instant case had a full opportunity to present the necessary evidence, if it existed, at the new trial hearing where the jury misconduct issue was raised. The prosecution elected not to produce such evidence. Having failed to do so the prosecution should not be relieved of its calamitous decision by this court’s gratuitous retrospective review of the entire record.
The rule may appear harsh in application but it is warranted by the importance of the constitutional protection involved. “The right of trial by jury shall be secured to all, and remain inviolate; . . .” (Cal. Const., art. I, § 7.) It is essential to the right to trial by jury that the sanctity of the deliberative process be preserved. Jurors are sworn to render a true verdict according to the evidence. (Code Civ. Proc., § 604; see Pen. Code, § 1046.) They cannot, under the oath they take, receive impressions from any other source. Jurors are instructed, “In determining whether the defendant is guilty or not guilty, you must be governed solely by the evidence received in this trial and the law as stated to you by the court.” (CALJIC No. 1.00, 3d par. (3d ed. 1970).) By this instruction, as well as other admonitions given during the course of the trial (see Pen. Code, § 1122), jurors are advised of the restrictions on matters they may consider in reaching a verdict. “It is vital in capital cases that the jury should pass upon the case free from external causes tending to disturb the exercise of deliberate and unbiased judgment. Nor can any ground of *30 suspicion that the administration of justice has been interfered with be tolerated.” (Mattox v. United States (1892) 146 U.S. 140, 149 [36 L.Ed. 917, 921, 13 S.Ct. 50, 53].)
I would reverse the judgment in its entirety.
A petition for a rehearing was denied July 13, 1978, and appellant’s petition for a hearing by the Supreme Court was denied August 31, 1978. Bird, C. J., was of the opinion that the petition should be granted.

Assigned by the Chairperson of the Judicial Council.